*NEW-YORK, Nov 1810.*

*JACKSON
DE WALTS.*

————⋆————

JACKSON, *ex dem.* DAVY, *against* DE WALTS.

THIS was an action of ejectment, for land in the *Springfield* patent. The cause was tried at the *Otsego* circuit, in *June* last, before Mr. Justice *Spencer.*

At the trial, the plaintiff proved that *Thomas Davy* purchased the lot in question, in 1771, and possessed it

*A died seised of land, in 1771, leaving a widow, an only son, his heir at law, and a daughter. The widow entered into possession of the land; and*

the daughter having married B., the widow gave permission to B. and his wife, to take possession, and occupy a part of the land; and B. continued in possession, claiming to hold in right of his wife. In an action of ejectment, brought by the heir at law, against B., it was held, that the legal intendment was, that the widow entered as guardian, in *socage*, to her infant son; and that the defendant, having entered by permission of the guardian, and under the title of the heir at law, could not set up a title in a third person, in contradiction to the title under which he so entered.

NEW-YORK,
Nov. 1810.

JACKSON
v.
DE WALTS.

until 1777, when he died. The lessor of the plaintiff was his only son and heir at law. His widow, and son, and a daughter, (who was the wife of the defendant,) abandoned the place during the war; and, afterwards, the widow and family returned and took possession, the lessor of the plaintiff being still a minor. The widow, about 19 years ago, gave her daughter and the defendant permission to occupy part of this lot. They have taken possession of 50 acres, claiming to hold it under *Thomas Davy*, in right of the wife of the defendant, as heir.

The defendant offered to prove a sale of the lot, for quit-rent, in 1772, and a lease to the defendant, in 1809, from *Joseph Winter*, who claimed title under that sale. This evidence was rejected. The defendant disclaimed to hold under the lessor. The judge charged the jury, that as the defendant came into possession, under the title of *Thomas Davy*, and by permission of the widow, he could not set up a title, under the sale for quit-rent; and the jury, thereupon, found a verdict for the plaintiff.

A motion was made to set aside the verdict, and for a new trial.

*Van Vechten*, for the defendant.

*Gold*, for the plaintiff.

*Per Curiam.* The widow must be considered as entering as guardian, in socage, to her infant son, the lessor of the plaintiff. This is the legal intendment, especially as there was no act or declaration of the wife, inconsistent with that character. (1 *Johns. Rep.* 163.) The plaintiff showed title, and the defendant having entered under that title, and with permission of the guardian of the plaintiff, cannot be permitted to set up

a title in a third person, in contradiction to the title under which he entered. (4 *Johns. Rep.* 210.) The motion to set aside the verdict must be denied.

Motion denied.