•Mr.. Justice Johnson
delivered the opinion of the Court.
The first ground of the motion for a non-suit, although it embraces two distinct points, presents but one which requires consideration, and that'is, whether the recital in the lease is sufficient evidence of title in the plaintiffs, between the parties to this action. For admitting that a possession is necessary to maintain this action, y.et, a .possession ■before entry made by the defendant, and fro.m immediate* ly after it, up .to the present day, no one will doubt, was such a possession as would support .this action; and although it was n6t immediately of the part trespassed on by the defendant, if the lease is sufficient evidence of title, .on the principle of the case of Read vs. Eifert, decided in this Court, a possession of any part within the boundaries set out in it., is .a possession of the whole.
In relation to the principal question, the general rule is, that a tenant is not at liberty to controvert the title under ■which he alters ; because,, if it were otherwise, no person would be safe in parting with the possession, as - he might be driven to .the necessity of making out a complete chain of title before he could evict his tenant; and the law will not permit such a wrong, as to suffer a party to avail himself of a possession, thus acquired, .todefeat the title of the party with whose permission he went into possession. The application of this principle to the present case appears obvious. The lease to the defendant is predicated upon the title in the plaintiffs; and it would involve a -strange absurdity, if its having been made by a person pretending to have authority, should give it greater effect than if it had been made by those really entitled; and it would *372 have this effect, if the position contended for was support ed. The case of Jackson, ex. dem. Darby vs. De Walts, (7 John. Rep. 157,) is in point.
The second ground of the motion for a non-suit, involves, perhaps, a question of more difficulty, as there is some diversity in the authorities quoted; however, whatever might have been the ancient opinions on the question, the latter, and I think, the more correct is, that a lease made of the lands of the ward, by a natural guardian, is void. In the case of Parry vs. Hodgson, (2 Wilson's Rep. 129,) the question was, whether a lease, made by a testamentary guardian, was void or only voidable. The Court doubted, but they all agreed, that a testamentary guardian,' until the infant was twenty-one years of age, and a guardian in soccage until the infant was fourteen, were the same. But on an ulterius concilium they were clearly of opinion, that a guardian of an infant cannot ■make a lease of his lands ; and if he do, it is absolutely void, {Ibid. 135.) The Commentator on Lord Coke, also, remarks, that the guardianship by nature extends no farther than the custody of his person, and determines on his arriving at fourteen years of age, 3 Coke Lit. 88 b. Day’s Ed. It has also been decided in Massachusetts, that a natural guardian cannot make a lease of the lands of his ward, (May vs. Calder, 2 Mass. T. Rep. 55.) This decision, although directly predicated on a statute of that State, distinctly recognizes the principle of the Common Law as above laid down. If however the question could be considered as doubtful, I should be disposed to support this view of it, on the score of policy. It would be a monstrous injustice to permit an improvident father to deprive his infant of the means of support and education during the whole period of his minority; and this he might do, if he were permitted to make a lease for' the whole period of infancy, and receive the rents in advance.
The ground, made for a new trial, has not been much urged in the argument; and it is sufficient to observe in relation to it, that it is a principle two well established by *373 authority now to be doubted, that the party cannot at laxo set up an equitable title in opposition to one■ -which is legal.
Gist, for the motion.
Thomson, contra.
Iam of opinion, that the motion? ought to be discharged.
Justices Colcock, Mott and Cheves, concurred.
Mr. Justice Gantt, dissented.
N. B. — The Judges, at this time, all delivered opinions, but for the Bake of brevity we have deemed it sufficient to select the able opinion of. Mr. .lustipe Smith, as expressive of the opinion of the majority of the Court. R. •

 I commenced this action and was the only counsel concerned fof Sutton, and I am not mistaken in a single circumstance. It is also well known to. other gentlemen of the bar.

 I was the only counsel for Durham, the defendant, in this case/- and I state it, from a perfect recollection, and also from ample notes.

 Mr. Justice Wa ies laid down this new ruit iu the case of Doctor Moore ads. M’Clure, tried at York in the Autumn of 1807, and Moore, lost the cause on that ground.

 Mr. Justice Wilds held this opinion in a case, tried before him in Columbia, about the Spring Term of 1807. Mr. Justice Grimke held-this opinion, for the first time, in the case of Gabriel Manigault vs. ffm. Saucer, decided in the Constitutional Court, at Columbia, in May Term, 1810. In that case he remarked the great uncertainty of fixing limits* or boundaries to this wood land, and he would in future confine the-party, who claimed by possession, to his fences.