## SYLVESTER and others *vs.* RALSTON.

To authorize an action for use and occupation, the conventional relation of landlord and tenant must exist, between the parties.

Where one goes into possession of land under a contract to purchase, and not as tenant, and in consequence of the vendor's failure to perform the contract, the purchaser abandons the premises, he will not be liable either for rent, or for use and occupation.

Where the owner of land dies, leaving a widow and infant heirs, the widow becomes vested with the powers of a guardian in socage, and as such is authorized and required to take the rents and profits of the land for the benefit of the heirs.   And the legal intendment would be that from the time of her husband's death, she occupied as guardian in socage.

If, during the minority of the heirs the relation of landlord and tenant exists at all, in respect to their lands, it must be between the mother and the tenant ; and if any action to recover rent, or for use and occupation, can be sustained, it must be brought by her, and not by the heirs.

Sylvester *v.* Ralston.

APPEAL from a judgment entered at a special term, upon the report of a referee. The plaintiffs are infant children of John A. Sylvester, late of Denmark, Lewis county, deceased, who died in September, 1850. This suit was commenced about January 23d, 1854, to recover for use and occupation of certain lands, inherited by the plaintiffs from their father. Lucy Ann Sylvester, the mother of the plaintiffs, was living when the suit was commenced, having intermarried with Alvin H. Hall on the 30th day of March, 1853. The plaintiffs had no guardian until the appointment of the said A. H. Hall, January 17, 1854, and resided with their mother. About the 11th day of January, 1853, the said Lucy Ann Sylvester and N. B. Sylvester, as administratrix and administrator of said J. A. Sylvester, made an arrangement with the defendant to sell him the land in question, intending to procure a title for him thereto, through a sale under a surrogate's order. A written agreement was entered into, signed by N. B. Sylvester as administrator, and the defendant. At the same time, Mrs. Lucy Ann Sylvester sold the defendant 20 cows and some other property. The land and the cows were to be paid for, in part, by means of two mortgages, amounting to about $2000. Both the land and personal property so sold were in the actual possession of said Lucy Ann Sylvester at the time the bargain was made, she and the plaintiffs then living together on the land. March 1st, 1853, the said Lucy Ann Sylvester delivered possession of the land to the defendant, and also at the same time delivered to him the cows, &c. The defendant entered into possession, made certain improvements in the fences, buildings, &c. on the land, and cultivated the land during the season of 1853, to October 18th, or thereabouts. The agreement was not fulfilled on the part of N. B. and L. A. Sylvester, and the defendant failed to procure a title. About October 12, 1853, a controversy arose between the defendant and Lucy Ann Hall, (formerly Sylvester,) and various proposals for a settlement were made, but not agreed upon, including the claim for cows, and the use of the land, &c. Nathaniel

B. Sylvester and William Collins were employed in relation to the difficulty with the defendant, and to secure what was claimed of the defendant for cows and use of the land. They were fully empowered to compromise or settle in any way. The whole matter in controversy was fully settled, October 18th, 1853, by the defendant paying $500. The money was paid by the defendant and received by Mrs. Hall, after full notice of the settlement. The defendant delivered to Mrs. Hall the possession of the premises pursuant to the settlement in November, 1853.

The referee refused to nonsuit the plaintiffs, and reported that the sum of $200 was due to them from the defendant.

*E. A. Brown,* for the appellant.

*Bennett & Hawley,* for the respondents.

*By the Court,* PRATT, J. There seem to be two difficulties in the way of the plaintiffs' recovering, in this case. *First.* The defendant went into possession under a contract to purchase, and not as tenant. The contract not having been performed by the vendors, the defendant incurred no liability to them by leaving the premises. Had the vendors been the owners of the land, it is clear that they could not have sustained an action, either upon the contract or for use and occupation. They could not have sustained the former, for the reason that they had not performed on their own part; and they could not have sustained the latter, whether they had performed or not, for the reason that the conventional relation of landlord and tenant did not exist. That relation must exist, to authorize the action for use and occupation. (5 *John.* 46. 1 *Denio,* 38. 25 *Barb.* 243. 13 *John.* 489.) And if the vendors could not sustain the action for use and occupation, it will scarcely be claimed that the plaintiffs can sustain it. There was clearly no relation of landlord and tenant between them and the defendant.

Sylvester *v.* Ralston.

*Secondly.* If the defendant was tenant to any one, he was tenant to Mrs. Hall, and not to the plaintiffs. By the death of her first husband, who died seised of the farm in question, the mother became vested with the powers of a guardian in socage, and as such was authorized and required to take the rents and profits of the land for the benefit of the infant heirs. (1 *R. S.* 718, § 5. 7 *John.* 157.) The legal intendment would be, that from the time of her husband's death until the · defendant went into possession, she occupied as guardian in socage. (7 *John.* 157.) She was privy to the contract with the defendant, and assented to it. If, therefore, the relation of landlord and tenant existed at all, it must have been between Mrs. Hall and the defendant; and if any action to recover rent, or for use and occupation, could be sustained at all, it must be by her. The same would also be true in regard to trespass, or any other action for injury to the possession.

The case of *Beecher* v. *Crouse* (19 *Wend.* 306) is in point. In that case the father of the plaintiffs died intestate, in 1820, leaving a farm which descended to the plaintiffs as his heirs at law. His widow, the mother of the plaintiffs, married again in 1822, and, with her husband, occupied the farm until 1830, the plaintiffs in the suit living with them. The crops raised upon the farm in 1830 were taken by the defendants under an execution against the husband and stepfather, and for that the action was brought by the heirs. The court held that the mother and stepfather were presumed to be lawfully in possession of the products of the farm—the mother as guardian in socage and the stepfather *jure uxoris*, and that the plaintiffs, the heirs, could not sustain the action. (*See also* 2 *Kent's Com.* 222; 7 *Wend.* 45; 15 *id.* 631; 17 *id.* 77.) These objections dispose of the case, and it is not necessary to examine the question of fact presented.

Judgment reversed, and a new trial ordered, and reference vacated.

[ONONDAGA GENERAL TERM, October 4, 1859. *Pratt, Bacon, W. F. Allen,* and *Mullin,* Justices.]