## SUPREME COURT.

IRA EMERSON, CLARA E. EMERSON, CARRIE EMERSON and KATIE B. EMERSON, infants, by GEORGE CLARK, their guardian, respondents agt. RAMIRO E. SPICER, appellant.

A *guardian in socage* has power to *lease* the lands of *infant heirs*, until they become of age. But the lease is subject to be avoided, either by the coming of age of the infants or by the *appointment of a general guardian* for them.

The lessee is bound to leave the premises upon the election of the general guardian to terminate his tenancy. And this election may be made by a demand of possession of the premises or by the commencement of an action of ejectment.

*Fifth District, General Term, October,* 1869.

*Before* MORGAN, BACON *and* FOSTER, *Justices.*

THIS was an action of ejectment.

One James Emerson, the father of the infant plaintiffs in this action, died intestate on the 14th September, 1864.

At the time of his death he was the owner in fee of about 107 acres of land, upon which he resided. He also owned a large amount of personal property of which he died seized. The plaintiffs were his only heirs at law. Esther B. Emerson was the mother of the infant plaintiffs, and the widow of the said James Emerson, deceased, and was left in possession of said premises, with the said infant plaintiffs, who constituted her family. The dower of said widow in said lands was never admeasured or assigned to her. On the 29th day of October, 1864, the mother, Esther B. Emerson, was duly appointed administratrix of the goods, chattels, and credits of James Emerson, deceased, and from the time of such appointment to the commencement of this action, she had been and was the legally appointed and acting administratrix of said estate.

On the 31st day of January, 1866, Mrs. Emerson exe-

cuted to the defendant a written lease of said premises and personal property, for the term of three years from April 1st, then following. The defendant entered into possession of said premises under and by virtue of said lease, and at the time of the commencement of this action was in possession of said premises, under said lease, and claimed a right to retain possession of the same to the end of his term by virtue thereof. The mother, Esther B. Emerson, during the term, occupied a portion of the dwelling-house on said premises, under said lease, and the infant plaintiffs resided with her, constituting her family, and she received her share of the proceeds of the farm, under and in pursuance of said lease, and said products were used for the support of her and of plaintiffs. This action was commenced to eject the defendant from the premises, on the 23d of April, 1868, and defendant's term under said lease, would not expire till April 1st, 1869. The cause was tried October 18, 1868, before Justice MULLIN, without a jury, and a judgment was entered against the defendant, November 18, 1868, adjudging the defendant unlawfully in possession of said premises, and that plaintiffs were entitled to immediate possession thereof, and to $106.32 costs of the action. From this judgment and decree, the defendant appeals to this court.

ANSON B. MOORE *and* JOHN C. McCARTIN *for Appellant.*

I. At the time of making the lease under which the defendant occupies the premises, Esther B. Emerson, as guardian in socage, had full power and authority to make it, and it became binding upon her, upon the infants, and upon the lessee. As such guardian she had an estate in the lands which she could convey to Spicer the lessee. (*Mc-Pherson on Infancy* 25 and 35 ; *Tyler on Infancy* 120.)

II. The powers of Esther B. Emerson to act as such guardian in socage are superseded where another guardian shall be appointed, (3 *R. S., 5 ed., page* 2, § 5, 6, 7.) but

this in no respect affects the acts of such guardian, done, when the authority was unquestioned.

III. The leasing was for the benefit of the infants, represented by the guardian in socage, and it continued while represented by the guardian, and was absolutely binding upon the lessee ; its continuance was dependent upon the will of the general guardian, he might affirm or disaffirm. The lease was not, therefore, void, but voidable; it was not a conditional limitation, but a transfer, upon the condition that it was not disaffirmed by the general guardian ; and "where an estate is expressly granted upon a condition in deed, the law permits it to endure beyond the time of the contingency happening, unless the grantor takes advantage of the breach of condition by making entry, &c., (*Beach agt. Nixon, 5 Seld., 35.*)

IV. The lease not being void, but depending upon a contingency, some act was required to be done by the general guardian sufficient in law to terminate the lease, and to release the lessee from all liability thereon, and to save his rights as against his lessor. There should be some proceeding that should in a significant and decisive manner declare the *forfeiture of the lease* and assert the general guardian's rights, (*Bowman agt. Foot, 1 Law Reg. N. S., 352*). ·

The general guardian's option to avoid it, should be exercised at the proper time and in the proper manner, "and above all should be brought home to the tenant's knowledge through some unequivocal act in order to certify to him that he is absolved from the further performance of a lessee's duties."

V. There can be no pretence that any such act has been performed in this case. The notice of the infants in this case is a nullity. The notice of George Clark is made on his own behalf, describing himself as general guardian. No mention is made of the lease. No person to whom possession should be delivered, or any reason stated for such delivery. The lessee being in possession under a valid lease for

Emerson agt. Spicer.

a stated time, made by a person having at the time full power to make it, such notice is ineffectual for any purpose, and does not bring home to the knowledge of the tenant a forfeiture of the lease, that will absolve him from its further performance on his part.

The court below, therefore erred in deciding:

1. That the plaintiffs, who are the infants, were entitled to the immediate possession of the premises.

2. That the defendant was unlawfully in possession of the same.

3. That he unlawfully held the possession thereof from the plaintiffs.

VI. The guardian in socage has power at law, to lease for a term of years, which may extend beyond the period of his trust estate—subject to the jurisdiction of a court of equity to annul the lease if unreasonable or improvident. The principle decided in *Greason* agt. *Keteltas*, (17 *N. Y.*, 491), sustains this proposition. When the lease in question was made, Katie B. Emerson, one of the plaintiffs was eleven years of age. The lease passed beyond her fourteenth year only from November 29, to April 1st. So far as she is concerned, the act of leasing was reasonable and proper, and so as to the other plaintiffs.

If the terms of the lease were reasonable and provident, it would work great injustice if the general guardian were at liberty to re-enter at any moment. The lessee is bound by the terms of the lease until lawful eviction. The general guardian might *enter* in the midst or on the eve of harvest, an act of injustice, to which the lessee should not be subjected.

The lease should be adjudged valid, until adjudged invalid, by a court of competent jurisdiction. (*Field* agt. *Schieffelin*, 7 *J. C. R.*, 150 ; *Shopland* agt. *Rylor*, *Crooke James*, 98 ; *The King* agt. *the inhabitants of Oakey*, 10 *East*, 494. In *Shopland* agt. *Rylor* it is held directly, that a guardian in socage may lease for years.

S. H. HAMMOND *for Respondent.*

I. The lease under which the defendant entered and claimed, was made by Esther B. Emerson the mother of the infant plaintiffs ; and if she be deemed to have executed the same as guardian in socage under the statute, all her authority to do so was derived from, and limited by 3 *R. S.*, 5 *ed. page* 2, *sections* 5, 6 and 7 which reads as follows :

§ 5. Where an estate in lands shall become vested in an infant, the guardianship of such infant, with the rights, powers and duties of a guardian in socage, shall belong :

1. To the father of the infant.

2. If there be no father, to the mother.

3. If there be no father or mother, to the nearest and eldest relation of full age, &c.

§ 6. To every such guardian, all statutory provisions that are or shall be in force relative to guardians in socage, shall be deemed to apply.

§ 7. The rights and authority of every such gaurdian shall be superseded in all cases where a testamentary or other guardian shall have been appointed under the provision of the third title of the eighth chapter of this act. *(3 R. S., 5 ed.* 242.)

II. On the twelfth day of March, 1868, upon the appointment of George Clark, general guardian, the rights and powers of the mother to lease the premises in question ceased and all leases made by her terminated, and she and the defendant who held under her, were superseded by the general guardian. (3 *R. S., 5 ed. p.* 2, §§ 5, 6, 7 ; 2 *Kent's Com.* 288, 247 *and note, c ; Roe* agt. *Hodgson,* 2 *Wil.,* 129, 135 ; *Snook* agt. *Sutton,* 5 *Halztead, N. J.,* 183 ; *Beecher* agt. *Crouse,* 25 *Wend.,* 306 ; *Holmes* agt. *Seely,* 16 *Wend.,* 75 ; *Sylvester* agt. *Ralston,* 31 *Barb.,* 286.)

III. Esther B. Emerson as the widow of James Emerson, had no interest in the lands in question, which she could convey to the defendant. Her dower was a mere chose in

Emerson agt. Spicer.

action. (*Lawrence* agt. *Miller*, 2 *N. Y.*, 245; *Ritchie et al.* agt. *Putnam*, 13 *Wend.*, 524; *Siglar* agt. *Van Riper*, 10, *Wend.*, 414.)

IV. It is submitted that the defendant had no interest in the premises at the time this action was commenced, and no right to the possession, or to retain possession thereof, and that judgment was rightfully ordered for the plaintiff.

*Decision and opinion of* MULLIN J.

The plaintiffs are entitled to judgment. The mother was guardian in socage, and as such had power to lease the lands of her wards until they became 14 years of age, or another guardian was duly appointed. ( 3 *R. S.* 5 *ed., p.* 2 §§ 5, 6, 7.) On the appointment of another guardian, her power to lease, and all leases made by her, of the ward's lands ceased. (*Sylvester* agt. *Rolston*, 31 *Barb.*, 286 ; 2 *Kent's Com., and note f; Roe* agt. *Hodgson*, 2 *Wil.*, 129, 135 ; *Field* agt. *Schieffelin*, 7 *J. C. R.*, 150 ; *Holmes* agt. *Seely*, 17, *Wend.*, 75 ; *Putnam* agt. *Ritchie*, 6 *Paige*, 399 ; *Byrne* agt. *Van Hoesen*, 5 *J. N.*) It follows that the lease of the mother was valid, only until Clark was appointed guardian, and the defendant is not protected by it. Judgment is therefore ordered in favor of the plaintiffs for the premises described in the complaint, in fee.

*By the Court,* BACON J. The mother of the infants was guardian in socage of her children, who were owners of the fee, and she had as such, power to lease the lands until they should become of age. The lease under which the defendant claimed to hold, was *prima facie* a valid instrument, but it was subject to be avoided either by the coming of age of the infants, or by the appointment of another guardian. The youngest child was not fourteen when this suit was commenced, but on the 12th of March, 1868, George Clark was duly appointed guardian of the infants, and as such on that day he demanded of the defendant a surrender of the premises, and on the 23d of April, 1868, commenced this suit.

The statute (3 *R. S.*, 5 *ed. p.* 2 *sec.* 7, ) provides, that the rights and authority of every guardian in socage, shall be superseded in all cases where a testamentary or other guardian shall have been appointed.

The question is, whether by this appointment the lease was absolutely avoided, or was only voidable at the election of the guardian. In *Roe* agt. *Hodgson*, (2 *Wil.*, 129,) this question was discussed without a definite decision; but on a subsequent day the court unanimously held that the lease was void, (*p.* 135). It is somewhat singular, but this precise question does not seem to have been passed upon in any case reported in this state, nor in this country except in the case of (*Snook* agt. *Sutton*, 5 *Hal.*, 133), which holds that the lease of an infant's lands, extending beyond the period of fourteen years, is voidable provided the infant be then entitled to choose a guardian, or it may be avoided by the guardian chosen by the infant. If not absolutely void by the supersedeas of the statute, the guardian is authorized to determine the lease, and that was done in this case by the notice, or at all events by the commencement of this suit, which was an express determination and notice that the lease was determined, and the defendant was holding over without right. The defendant took his lease subject to this contingency, and was bound to leave upon the election of the guardian to terminate his tenancy.

I think the judgment should be affirmed.