HARMON T. HARRIS, Appellant, *v.* DAVID H. FRINK and JONATHAN FRINK, Respondents.

(GENERAL TERM, EIGHTH DISTRICT, FEBRUARY, 1870.)

The plaintiff made with the defendants, then in possession, and assuming to contract as agents, a parol agreement for the purchase of land, and its occupancy until the agreement should be fulfilled, and entered under the agreement, and planted oats. He was then expelled from possession by the defendants, who in due season harvested the oats, after forcibly preventing him from harvesting them, and he brought this action to recover their possession.—*Held*, that the plaintiff was rightly nonsuited.

He did not occupy as tenant, and had no legal title as such to the oats, which had been planted by him.

And, it seems, he could not try his title to the land by an action to recover possession of the harvested crop.

ACTION in the nature of replevin for a crop of oats. The case, in brief, as stated by the plaintiff's counsel in the opening, was this:

The defendants had been in possession of the land on which the oats were raised, for many years, and, in February, 1868, they assumed, as the agents of one Charles W. Frink, to sell the farm by parol to the plaintiff. The counsel stated the terms of the agreement, the amount to be paid, and how and when; that the defendants were to procure a conveyance of the farm to the plaintiff; that plaintiff should go into immediate possession of the farm, except the dwelling-house, and retain and work the farm and hold it until the defendants were ready to carry out the agreement on their part. The plaintiff went into possession and put in fifteen acres of oats, and after that in May, the defendants came and expelled the plaintiff from the farm and repossessed themselves of it; when the oats were fit to harvest the plaintiff commenced harvesting them, and the defendants drove him off by force, took possession of the oats and harvested them. The plaintiff

then brought this action; the defendants gave the bond required by statute and retained possession of the oats.

The court intimated that upon these facts the plaintiff could not maintain the action, and the counsel then restated the case, adding, however, no material additional fact, but claiming that the plaintiff became a tenant at will and was entitled to the oats as emblements.

The court nonsuited the plaintiff, and his counsel excepted.

*Webster & Hunting*, for the appellant.

*S. Parsons*, for the respondents.

Present—MARVIN, BARKER and DANIELS, J.J.

By the Court—MARVIN, P. J.   The contract for the sale of the farm being by parol, was void by the statute.   There was no contract for the letting of the farm, and the relation of landlord and tenant did not exist.   This relation must be established by agreement, express or implied, and so is the statute (1 R. S., 748, § 26), authorizing a recovery by the landlord for use and occupation, cited by plaintiff's counsel. There are some *dicta* to the effect, that an entry upon premises, under a parol contract to purchase, and an occupancy will establish the relation of landlord and tenant, and that a recovery for use and occupation can be had, and there are some cases in which the action has been maintained.   It will, however, be found on examining the cases, that the occupancy has been continued after the parties had abandoned the contract to purchase, or there have been circumstances from which an inference could be fairly drawn that the parties had agreed that rent should be paid, that is, circumstances from which an agreement to pay rent could be fairly implied.   In *Smith* v. *Stewart* (6 J. R., 46), the entry was under a parol contract to purchase, and the occupancy was some dozen years when the purchaser refused to fulfill the contract.   The circumstances were not such as to justify an implication of

Harris *v.* Frink.

an agreement to pay rent, and it was held that no action for use and occupation would lie. The court said he was liable in another way to be turned out as a trespasser, and made responsible in that character for the *mesne profits.* · (See *Sylvester* v. *Balston*, 31 Barb., 286.)

In the present case there is no room or ground upon which to imply an agreement to pay for use and occupation. The defendants expelled the plaintiff from the farm soon after the oats were sown. This action raises a question of *legal right.* Unless the plaintiff had the legal right to the possession of the oats, he could not recover; and this right depends upon the fact whether he had a legal title, not an equitable interest. Indeed, in this case, there is another fatal objection. The plaintiff was ejected from the premises upon which the oats were growing, and he was kept out of possession. If he had had the legal title and had been disseized, he could not maintain this action. The title to the land cannot be tried in this way. The oats while growing were a part of the realty; the remedy of the party disseized is to recover the possession, and then the *mesne profits.* In this case, however, the plaintiff had no legal title. His remedy was in a court of equity for a specific performance; and, if he then succeeded, the court possesses ample power to compel an accounting for the *mesne profits.* The title to the oats was not in the plaintiff.

It is not necessary now to inquire whether the plaintiff may not recover the value of his services and expenses in putting in the crop. The nonsuit was right and the motion for a new trial must be denied.

Motion denied.