## BARTHOLOMEW and others *vs.* LYON.

The objection that plaintiffs, being infants, have no legal capacity to sue in ejectment, should be presented by demurrer, where the fact of infancy appears on the face of the complaint.

But where the widow of the infants' father unites with them in the suit, it may be assumed that she is the mother of the infants, in the absence of any evidence that the father had a former wife; and hence, as by the death of her husband, who died seised, the mother became vested with the rights, powers and duties of a guardian in socage, she can, as such, maintain the action.

And, the proper party being on the record as plaintiff, and the cause having been tried on the merits, an amendment of the pleadings will be allowed, on appeal, if necessary, to answer the technical objection then first raised, that infants cannot maintain such an action.

An objection, urged as a ground of nonsuit, may be obviated by subsequent proof.

In an action of ejectment, admissions or statements, made by parties in possession, were received, with a view to explain or characterize their possession. *Held*, no error.

THIS case came before the court on a case and exceptions, ordered to be first heard at General Term.

The action was brought by the widow and heirs of Daniel Bartholomew, deceased intestate, for the recovery of real property, to wit, thirty acres in the south west corner of lot No. 5, of great lot No. 143 in the old town of Chemung, Chemung county.

The complaint alleged that Daniel Bartholomew died intestate, December, 1867, seised of the premises claimed; leaving the plaintiffs, who are his widow and heirs at law, him surviving; that in 1871 the defendant wrongfully entered into possession of the premises, claimed right thereto, ousted the plaintiffs therefrom, and still unjustly withholds the same.

The defendant, by his answer, admitted that the plaintiff, Ellison Bartholomew, was the widow of Daniel Bartholomew, deceased, and that the other plaintiffs were his heirs at law; set up that he had been in the open, continued and notorious possession of the premises,

Bartholomew *v.* Lyon.

claiming title thereto, for more than thirty years, and that he had title thereto in fee.

On the trial, evidence tending to establish the plaintiffs' title was given; and they had a verdict in their favor, for the possession claimed, except for about five acres, described as situated between the creek on one side and the highway on the other, on which was the defendant's house, the possession of which he defended and justified under an adverse possession.

The facts of the case, so far as they are necessary to the present examination of it, are given in the following opinion. (See *S. C.*, very briefly reported, 3 *Thomp. & C.*, 774.)

*Smith & Hill*, for the plaintiffs.

*R. King*, for the defendant.

*By the Court*, Bookes, J. The plaintiffs, except the widow of Daniel Bartholomew, deceased, are all infants, and appear by their mother, the widow, as their guardian *ad litem*, to prosecute the action. It is now objected that the complaint shows no cause of action as to the infant plaintiffs, that they, being infants, have no right to the possession of the land. The objection amounts to this, that being infants, they have no legal capacity to sue in ejectment. This objection was not taken by answer nor was it raised on the trial. According to the decision in *Seaton* v. *Davis* (1 *Thomp & C.*, 91,) it should have been presented by demurrer. Mullin, P. J., there says: "It appears on the face of the complaint that the plaintiff, a minor, brings an action of ejectment to recover the possession of land;" and he adds, "the case was therefore one in which it was necessary for the defendant to demur, or the objection would be waived." (*Code*, § 144.)

But it may be assumed that the widow is the mother

of the infant plaintiffs, as she was the wife of their father, there being no evidence that he had a former wife; hence, as was said in *Sylvester* v. *Ralston*, (31 *Barb.*, 286,) by the death of her husband, who died seised of the farm in question, the mother became vested with the rights, powers and duties of a guardian in socage, (1 *R. S.*, 718, *sec.* 5,) and as such she could maintain the action. (17 *Wend.*, 75. 30 *Barb.*, 633. 55 *Barb.*, 428–9. 1 *N. Y. Sup. Ct. R.*, 91, *on page* 93.) The proper party being on the record as plaintiff, and the cause having been tried on the merits, an amendment of the pleadings would be now allowed, if necessary to answer the technical objection here for the first time raised.

To establish their title, the plaintiffs showed a conveyance of the premises from John Chamberlin to Henry Evans, dated May 20th, 1844, acknowledged June 16th of the same year, and recorded in the clerk's office August 30th, 1847; also a contract for the sale thereof from Evans to Seth Lyon, dated October 1st, 1844; also evidence tending to prove an assignment of this contract by Lyon to John H. Demorest, and a deed also to Demorest from Evans; also a conveyance from Demorest to Daniel Bartholomew, who died intestate, December, 1867, leaving the plaintiff, Ellison Bartholomew, his widow, and the other plaintiffs, his heirs at law.

The deed from Evans to Demorest was not produced; nor had it been recorded; but evidence of its existence was given, quite sufficient to establish that fact. So, too, there was proof of possession and of acts of ownership of the premises by the grantees in the several deeds. At least there was evidence on all these questions of fact sufficient to sustain the verdict of the jury in favor of the plaintiffs.

When the plaintiffs rested their case, it was urged as ground of nonsuit, that there was no evidence of ouster by the defendant; that it did not appear that he was in

possession of the premises claimed. This was the only ground of nonsuit there urged. The court very properly refused to nonsuit. There was evidence of a claim of ownership and possession on the part of the defendant. But were this otherwise, the objection was obviated by subsequent proof. (21 *Barb.*, 241. 11 *N. Y.*, 102, 112. 2 *Hill*, 620.) Besides, the defendant in his answer averred possession and ownership in himself. The refusal to nonsuit presents no ground of error calling for a new trial.

The defendant sought to defeat the plaintiffs' recovery by showing title in a third party. To this end he put in evidence, a deed from Gertrude Cutting to Asahel Buck, embracing the premises in controversy, with others, dated October 7th, 1835; also a mortgage from Buck to one John Chamberlin covering the same premises, dated Nov. 13th, 1835; also a foreclosure of the mortgage in chancery in 1843, and a deed of sale under the decree in such foreclosure, by the sheriff of Chemung county, to John G. McDowell, dated March 10th, 1855. This deed was made under an order of the court, to perfect a sale alleged to have been made under the decree, by Sylvester Hayne, as master in chancery, on the 20th October, 1843, since deceased. The court held that this evidence failed to show title out of plaintiffs. In this we are of the opinion the learned judge decided correctly. There was no evidence whatever that Gertrude Cutting had title when she made the deed to Buck, in 1835. So it does not appear, by any legal evidence, that Buck had title when he made the mortgage to Chamberlin. There is no evidence that either Cutting or Buck were ever in possession; nor that McDowell ever had or claimed possession of the premises in dispute under the sheriff's deed to him. For aught that appears, those conveyances and proceedings were all by and between persons without right or title to the land in controversy. The learned judge was right in holding that

those foreclosure proceedings presented no defence to the action.

The defendant showed no title in himself; and if no error was committed on the trial in the admission or rejection of evidence, the verdict, being sustainable on the plaintiffs' proof, should be upheld and carried into effect by judgment.

A memoranda was produced with a view to refresh the recollection of the witness. The court admitted its use for this purpose. In this there was no error. (22 *N. Y.*, 462. 15 *N. Y.*, 485. 29 *N. Y.*, 346.) Admissions or statements by parties in possession were allowed with a view to explain or characterize their possession; and in this there was no error. The objections to the admission and exclusion of evidence on the part of the defendant are numerous, but after a careful examination, it does not appear that any error was committed in those regards which can affect the merits of the case. So also there are numerous exceptions to the charge of the judge, and to his refusal to charge as requested; but none, as we believe, present any substantial ground of error. The case seems to have been properly disposed of on the merits, and we are of the opinion that the plaintiffs should have judgment on the verdict.

The judgment must be made to conform to the verdict by the exception of the part described as lying west of the north and south fence, between the creek and the highway.

The motion for a new trial is denied, and judgment is ordered for the plaintiffs on the verdict, with costs.

[THIRD DEPARTMENT, GENERAL TERM at Albany, March 12, 1874. *Miller, Bockes* and *Boardman,* Justices.]