CHARLES I. BERG, Respondent, *v.* HENRY PARSONS, Appellant.

*Blasting — a party injured thereby, not bound to enjoin it — improper denial of a*
*motion for a nonsuit, cured — evidence of an injunction, inadmissible — incompetent*
*employee — charge to the jury.*

It is the duty of a person to employ in the business of blasting, which is danger-
ous in its character, a suitable and competent person, and if he does not employ
such a person, there is no obligation on the part of a person whose premises are
being damaged by such blasting to take active legal measures to restrain the
action of the incompetent person improperly employed to do the blasting.

It is a well-established principle that if on the trial of an action the defendant
subsequently supplies evidence which would have made it proper to deny his
motion to dismiss the complaint made at the close of the plaintiff's case, had
it been in the case prior to the making of the motion, the error of the trial
court in denying such motion is cured.

Upon the trial of an action brought to recover damages for injuries to real estate,
sustained by reason of the defendant's alleged negligence in employing an
incompetent person to do blasting on his property near that of the plaintiff, the
admission in evidence of an injunction *pendente lite,* obtained by the plaintiff
against the defendant and his employee restraining the continuance of such
work, is erroneous.

In such an action a charge by the court to the jury, that "in considering the ques-
tion whether the defendant exercised due and reasonable care in the selection of a
contractor, the jury may take into account defendant's failure to make inquiry as
to such contractor's record at the office of the Fire Department where permits to
blast must be obtained by contractors before they can lawfully begin opera-
tions," is in such respect erroneous, and the judgment rendered in the action in
favor of the plaintiff will be reversed upon appeal.

APPEAL by the defendant, Henry Parsons, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of October, 1894, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order made at the New York Circuit on the 19th day of October, 1894, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*A. Thain,* for the appellant.

*C. W. Pierson,* for the respondent.

VAN BRUNT, P. J. :

This action was brought to recover damages for defendant's negligence and want of care in employing an incompetent contractor to engage in blasting operations in proximity to the plaintiff's house. It appeared that the plaintiff was the owner of the house and premises known as No. 315 West Eighty-second street, and that the defendant was the owner of certain vacant lots adjoining the plaintiff's house on the west, and that defendant employed one Michael Tobin to excavate in his lots to a depth of ten feet below the curb line. Tobin, in performing this contract, by his carelessness caused injury to the plaintiff's house, compensation for which was sought to be recovered from the defendant in this action upon the grounds above stated. Evidence having been taken upon both sides the case was submitted to the jury, who found a verdict in favor of the plaintiff ; and an order having been made denying a motion for a new trial, from such judgment and order the present appeal is taken.

It is claimed upon the part of the appellant that there was no evidence upon which the jury was warranted in finding that the defendant was negligent, or that the plaintiff was free from contributory negligence, and that the burden of proof was upon the plaintiff as to both of these propositions.

The claim of contributory negligence seems to be founded upon the fact that the plaintiff did not stop Tobin from continuing his reckless career as a blaster as soon as he might have done, and before he had sustained as much damage as he did, and that the plaintiff had a right to interfere with the contractor while the defendant had not; and that if Tobin was carrying on his work

carelessly, and in a manner likely to endanger his property, the plaintiff might have applied for and obtained before the accident an injunction, which injunction it appears he did procure after the injury was done. The force of this reasoning we are unable to see. The plaintiff was not bound to take legal measures to restrain trespasses committed by persons employed upon the part of the defendant. It was the duty of the defendant to have employed for this business, conceded to be dangerous in its character, a suitable and competent person; and if he did not employ such a person there was no obligation upon the part of the plaintiff to take active legal measures to restrain the action of this incompetent person, so improperly employed.

Another objection to the recovery is that there was no evidence from which the jury was warranted in finding that the defendant was negligent. Upon an examination of the case it appears that although the defendant originally swears that he made inquiry in respect to the capacity of Tobin to do the work in question, upon further examination it is evident that he made no inquiries whatever except from a clerk in a lawyer's office; and that he claimed to have seen a piece of blasting done by the contractor which was reasonably well done. But from all information that the defendant got in respect to the capabilities of the contractor, he was not informed that he had ever done the kind of work called upon to be done upon this occasion. He had done some blasting for sewers, but nobody ever knew that he had excavated a cellar. We think, therefore, that the defendant did not, so far as this record discloses, perform that duty which is incumbent upon a man who is about to employ another to do a dangerous piece of work.

It may perhaps be proper to notice that the objection is taken that some of this evidence of negligence in regard to the defendant's inquiries in respect to Tobin came out upon the defendant's case; and that, therefore, it was error not to dismiss the complaint upon the motion of the defendant at the termination of the plaintiff's case. But it is a well-established principle that if the defendant subsequently supplies evidence which would have made it proper to deny a motion to dismiss had it been in the case prior to the making of the motion, the error is cured. This objection, therefore, is not available.

We think, however, that there was error in the admission of evidence, and also in the charge of the judge. The plaintiff having obtained an injunction *pendente lite* against the defendant and Tobin restraining the continuance of the work, that injunction was offered in evidence and received, notwithstanding the objection of the defendant. This, we think, was error. As is claimed upon the part of the defendant, the effect of the introduction of these papers might have been to lead the jury to believe that the court had already adjudged not only that Tobin had been negligent, but that the defendant himself had also been negligent.

We think also that the court erred in charging the plaintiff's request, as follows: " In considering the question whether defendant exercised due and reasonable care in the selection of a contractor, the jury may take into account defendant's failure to make inquiry as to such contractor's record at the office of the Fire Department, where permits to blast must be obtained by contractors before they can lawfully begin operations. Also the failure to make inquiries of persons familiar with the manner in which the contractor had performed previous jobs." This charge was objected to. It seems to us that the part relating to the fire department was clearly erroneous. It is manifest from the regulations of the department that the permit referred to in such regulations as applicable to the case at bar related to the keeping of combustibles upon any work in progress; and as a result, until the contractor had obtained the contract for performing the work, he would not be likely to pay fees to the fire department for permission to keep combustibles upon the premises in question. If inquiry had been made at the fire department nothing would have been found there against Tobin, as the evidence shows, and the fact that he had no permit to keep combustibles in this particular place would have argued nothing against his competency to do the work in a proper manner.

For these reasons we think that error has been committed, and that the judgment and order appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

PARKER, J., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.