(20 Misc. Rep. 551.)

### LANAHAN et al. v. HENRY ZELTNER BREWING CO.

(Supreme Court, Appellate Term. July 1, 1897.)

1. TRIAL—ORDER OF PROOF.
   The order of proof is always in the discretion of the trial judge, and exceptions to evidence of conversations with one not shown to be the agent of a party are obviated by subsequent proof that he is such agent.

2. APPEAL—MOTION TO DISMISS.
   A mere motion to dismiss, made at the close of a case, without stating that it is a renewal of a motion previously made on specific grounds, and without claiming that such grounds are still tenable, fails to specify any defect in the proof, and is not available on appeal.

Appeal from city court of New York, general term.

Action by William Lanahan and others against the Henry Zeltner Brewing Company. From a judgment of the general term affirming a judgment in favor of plaintiffs (44 N. Y. Supp. 1121, mem.), defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Langbein Bros. & Langbein, for appellant.

Leventritt & Nathan (D. Leventritt, of counsel), for respondents.

McADAM, J. The action was to recover the price of certain liquors sold and delivered by the plaintiffs to the defendant. Upon the trial it was conceded that there had been a sale and delivery of the goods, and that the sum remaining due thereon was $220.90. The sole contention submitted to the jury was as to whom the goods were sold. They were delivered at the liquor store, corner of 116th street and 2d avenue, and one of the questions litigated was whether the store belonged to the defendant, or to one Timothy Sullivan, who managed it. It was proved that the license to the store was taken out in the name of one Massimino, an employé of the defendant, for its benefit, and that the defendant subsequently discharged Sullivan from the management of the store, and put another person in to run it. It was also proved that the company was in the habit of getting licenses for places they controlled, in the names of different employés. These circumstances tended strongly to show ownership of the store in the defendant, and were sufficient, at least, to justify the submission of the question for determination.

The defendant's representative, Mr. McKinney, introduced himself to Mr. Dunn, the plaintiffs' agent, and handed the latter one of the defendant's cards, upon which was printed "Presented by James McKinney," and at the same time stated that he was the representative of the Henry Zeltner Brewing Company; that the defendant was refitting the store in question, and was going to place a good man there; and that they desired the plaintiffs' goods, so that they might more successfully compete with the corner saloon across the way. Dunn thereupon went to the store, and saw Sullivan, who, in response to an inquiry as to his commercial rating, said that he was but an employé there, and that Dunn would have to see McKinney. Dunn did so, and received the following reply from McKinney: "You put them in there. It is for the Henry Zeltner Brewing Company. The Henry Zeltner Brewing Company is good enough, is it not?" To which Dunn replied: "Yes, certainly." And McKinney continued: "We are fitting up this place for him, but I want the goods billed to Sullivan because I do not want it known that we have this place on our hands." Dunn then took an order from Sullivan for one barrel of Ziegler blend whisky, and one half-barrel of Hunter No. 1 rye, and reported this to McKinney, who, after looking over the order, said: "That is not the way to do business. That's a picayune way. Put down a whole barrel there." And McKinney then made the correction upon the very card of the brewing company which had been presented by him to Dunn, and the goods were thereupon delivered at the store. There was certain correspondence between the plaintiffs and defendant in regard to the responsibility of the latter for the bill in suit. In one of the letters inclosed by the plaintiffs to the defendant was a statement that Sullivan had been introduced to Dunn by McKinney, the agent of the defendant, who said that the Zeltner Brewing Company would be responsible for the bill, and the plaintiffs wrote asking the defendant to advise them if McKinney made a cor-

rect statement, to which the defendant replied that they had seen McKinney, and that he had informed them that no such assurance had been given. The defendant in no manner disputed the agency of McKinney, or his power to bind the defendant if he undertook to do so.

The exceptions to the admission of evidence of conversations with McKinney were obviated by proof subsequently introduced that McKinney was the agent of the defendant, so as to make his declaration pending the negotiations for the purchase admissible. The objections made were really to the order of proof, which is always in the discretion of the trial judge. Baylies, Tr. Prac. 173.

The facts proved, with the inferences to be drawn from them, sufficiently connected the defendant with the sale, so as to warrant the submission to the jury of the question whether the credit had been extended to the defendant or to Sullivan, and the jury, by their verdict, found that it had been extended to the defendant.

Upon the close of the plaintiffs' case, the defendant moved to dismiss, on the ground that no authority had been shown on the part of McKinney to bind the defendant, and that the letter referred to a mere "general" agency, and not an agency to bind for the sale and purchase of goods. So that in the motion it was not contended that McKinney was an agent, having special and limited powers, but rather that his was a general agency. And, upon the conclusion of the entire case, the defendant's counsel merely said: "I make a motion to dismiss." He did not state that he renewed the motion formerly made, nor claim that the grounds then specified were still tenable. Such a motion fails to specify any defect in the plaintiffs' proof, and is not available on appeal. Kafka v. Levensohn, 18 Misc. Rep. 202, 205, 41 N. Y. Supp. 368; Gerding v. Haskin, 141 N. Y. 520, 36 N. E. 601; Quinlan v. Welch, 141 N. Y. 165, 36 N. E. 12; Adams v. Bank, 116 N. Y. 614, 23 N. E. 7; Binsse v. Wood, 37 N. Y. 526. The defendant did not rely upon the motion to dismiss made at the close of the plaintiffs' case, but offered evidence in defense; and if, on the conclusion of the trial, the record sufficiently established the plaintiffs' right of action, they were entitled to go to the jury. Berg v. Parsons, 84 Hun, 60, 62, 31 N. Y. Supp. 1091; O'Connell v. Samuel, 81 Hun, 357, 30 N. Y. Supp. 889; Leslie v. Insurance Co., 63 N. Y. 31, 32; Tiffany v. St. John, 65 N. Y. 317; Bartholomew v. Lyon, 67 Barb. 86; Painton v. Railroad Co., 83 N. Y. 7; Pollatschek v. Goodwin, 17 Misc. Rep. 587, 40 N. Y. Supp. 682. The case seems to have been fairly submitted to the jury, under a charge to which there is no exception.

The exceptions are without merit, and the judgment must be affirmed, with costs. All concur.