.IRA EMERSON et al., by Guardian, Respondents, v. RAMIRO E. SPICER, Appellant.

A guardian in socage may lease the lands of his ward for a term as long as he continues guardian, or for any number of years within the minority of the ward. The lease, however, is subject to its being defeated by the appointment of another guardian, pursuant to the statute, and his election to avoid it.

(Submitted November 27th, 1871; decided December 5th, 1871.)

APPEAL from a judgment of the General Term of the Supreme Court in the fifth judicial district, affirming a judgment entered upon the decision of the court in favor of plaintiff.

The action is ejectment, brought to recover possession of certain premises, situate in the town of Ellisburgh, in the county of Jefferson.

James Emerson died intestate on the 14th day of September, 1864, leaving the plaintiffs, Ira Emerson, Clara Emerson, Carrie Emerson and Katie B. Emerson, his only children and heirs-at-law. At the time of his death he was the owner in fee of the premises in question. The said children were all infants at the time this action was commenced. George Clark was duly appointed the general guardian of said infant plaintiffs, on the 12th day of March, 1868, and on the 21st day of March, 1868, the plaintiffs demanded possession of the said premises. This action was commenced on the 25th day of April, 1868. Esther B. Emerson is the mother of the infant plaintiffs, and the widow of the said James Emerson, and she and the defendant executed a lease in writing of the premises in question, on the 31st day of January, 1866, for three years from the 1st of April then next, under which the defendant entered thereon, and in virtue of which he claimed the right to retain the possession thereof, at the time this action was commenced.

The court decided that defendant was unlawfully in possession, and ordered judgment that plaintiffs have immediate possession.

*Moore & McCartin*, for appellants. Esther B. Emerson, as guardian in socage, had authority to make lease. (McPherson on Infancy, 25, 35; Tyler on Infancy, 120.) The lease was only voidable at the will of the general guardian. (*Beach* v. *Nixon*, 5 Seld., 35.) Some act is required to be done by the general guardian sufficient in law to terminate lease. (*Bowman* v. *Foote*, 1 Law Reg. U. S., 352.) The lease should be adjudged valid, until adjudged invalid by a court of competent jurisdiction. (*Field* v. *Schieffelin*, 7 Johns. Ch. R., 150, 154; *Shopland* v. *Ryler*, 3 Crokis' James, 98; *The King* v. *The Inhabitants of Oakley*, 10 East, 494.) A stranger dealing with the guardian without fraud or collusion is not responsible to the ward. (*Byrne* v. *Van Hoesen*, 5 Johnson R., 66; *Field* v. *Schieffelin*, 7 J. C. R., 154; *Roe* v. *Hodgson*, 2 Wils., 129, 135; 2 Kent's Com., 247, note *b*.)

*M. A. Hackley*, for respondent. Guardianship in socage abolished by our statutes. (3 R. S., 5th ed., p. 2, §§ 5, 6, 7; Littleton B., 2, §§ 123, 124; *Byrne* v. *Van Hoesen*, 5 John., 66.) A guardian under the statutes cannot make a lease to continue beyond the duration of his own estate; when that ceases all leases fall with it. (2 Kent's Com., 9th ed., 246 and 247; Willard's Real Estate, 432; 1 Hilliard's Real Property, 204, §§ 44c, 45; 4 Kent's Com., 9th ed., 119, § 8; 21 Maine, 114.) Upon the appointments of general guardian, the right of the mother ceased, and all leases made by her terminated. (3 R. S., 5th ed., p. 2, §§ 5, 6, 7; 2 Kent's Com., 228, 247, and note *c.*; *Roe* v. *Hodgsen*, 2 Wil., 129, 135; *Snook* v. *Sutton*, 5 Halsted, N. J., 133; *Beecher* v. *Crouse*, 19 Wend., 306; *Holmes* v. *Seeley*, 17 Wend., 75; *Sylvester* v. *Ralston*, 31 Barb., 286; *Ross* v. *Gill*, 4 Call., Va., 250; *Truss* v. *Old*, 6 Rand., Va., 556.)

PECKHAM, J. Only one question in this case. Had the mother of the plaintiffs, as guardian in socage, a right to lease the premises in question for three years, so as to convey an absolute right for that time? If she had, this action will not

lie.   One of the plaintiffs was under fourteen years of age when this suit was instituted.   Guardianship in socage at common-law continued until the ward was fourteen years of age and then ended; but it would seem that if no other guardian was appointed, it continued from then until another should be appointed, or until the ward arrived at twenty-one. The age of tenant in socage has, for many centuries, been fixed at fourteen.   (Tyler on Infancy and Cov., 241; McPherson on Infants, p. on margin, 19, 41; *Byrne* v. *V. Hoesen,* 5 J. R., 66.)

At common-law he only could be guardian in socage, to whom the ward's lands could not by possibility descend.

Guardianship in socage here is entirely regulated by statute, both as to the persons who may be appointed and as to the time of its duration.   (1 R. S., 718, § 5.)

Such guardianship shall belong: 1. To the father of the infant; 2. If no father, to the mother; 3. To others specified.

" To every such guardian, all statutory provisions, that are or shall be in force, relative to guardians in socage, shall be deemed to apply."

" The rights and authority of every such guardian, shall be superseded in all cases where a testamentary, or other guardian, shall have been appointed under the provisions " of the statute.   (§ 7.)

The duties of such guardian are defined by statute.   He must " keep up and sustain the houses, gardens, and other appurtenances to the lands of his ward, by and with the issues and profits thereof, or with other moneys of his ward in his hands, and shall deliver the same to his ward, when he comes to his full age, in as good order and condition, at least, as he received it, inevitable decay and injury only excepted."   (2 R. S., 153, § 20.)

By the statute (12 Car., 2, ch. 24, §§ 8 and 9) a father might dispose of the custody of his children, and the profits of his lands, to a guardian by deed or will, as against any guardian in socage.

The general rule, as declared by courts and commentators, is, that a guardian in socage may take the land "during the guardianship." (*Field* v. *Schieffelin*, 7 Johns. Ch., 150.) The chancellor says: "The guardian in socage may lease it and dispose of it during guardianship." So Lord ELLENBOROUGH: "He may dispose of it during his guardianship." (*King* v. *Inhab. of Oakley*, 10 East, 491.) "By the common-law, neither the guardian in socage nor any other had power * * * to lease the freehold estate of the ward for any longer time than during the probable continuance of the trust, that is, in the case of guardianship by socage, until the age of fourteen." (Chancellor WALWORTH, in *Putnam* v. *Ritchie*, 6 Paige, 390– at 399.) Littleton says: "When the heir cometh to the age of fourteen complete, he may enter and oust the guardian in socage," and make him account. (Litt., § 123; Co. Litt., 88 *a*.) Comyn says he may lease of the infant's estate till his age of fourteen years. (Comyn, title Guardian, B, 4.) To the same effect see *Wade* v. *Baker* (7 Ld. Ray., 131).

So it has been held in New Jersey, that a lease extending beyond the age of fourteen of the ward is voidable, and may be avoided by another guardian, chosen by the infant, after his arrival at fourteen. (*Snook* v. *Sutton*, 5 Halst., 183.)

It is stated that the office of testamentary guardian, up to twenty-one, and of guardian in socage up to fourteen, are the same; and a lease for twenty-one years by the testamentary guardian is absolutely void, when the heir attains twenty-one. "It follows, that a lease by the guardian in socage is void when the heir attains the age of fourteen." (McPherson on Infants, p. 36; *Roe* v. *Hodgson*, 2 Wils., 129, decided at 135.)

This precise point seems not to have been decided. As an original question, and in analogy to the authorities, there would seem to be a propriety in holding that the guardian could have no power to grant any more than his own title.

It is probably as well for the interests of the infant, as it seems sound in law, under the principles declared, to hold that the guardian may lease for a time as long as he continues guardian, or for any number of years within the minority of

the infant, subject to being defeated by another guardian being appointed pursuant to the statute.

It is urged here that one of these infants is under fourteen years of age, when this action was commenced. Under our statute, the age of fourteen has nothing to do with the rights of guardians. They continue only until another guardian is appointed, without any reference to the ward's age of fourteen. Another guardian may be appointed, as well before as after that age, under our statutes. (2 R. S., 151, § 5.)

The title and interest of a guardian in socage are superseded, under our statute, unlike any other guardian, without any fault on his part, by the appointment of another guardian, at any time.

I see no necessity for holding this lease void. It was voidable by the new guardian, and he properly signified his intention to avoid it at the end of the year.

All concur.

Judgment affirmed.