(3 Misc. Rep. 106.)

### In re STAFFORD.

(Common Pleas of New York City and County, General Term. March 14, 1893.)

1. GUARDIAN—PROCEEDINGS TO LEASE WARD'S LAND.
    Where, in a proceeding by a guardian to lease his ward's real estate, an order refusing to take the premises from one who has leased them from a former guardian for use as a liquor store, and give them to another person, who offers a larger rental for them for the same business, is acquiesced in by the guardian, it will not be interfered with on appeal, since a lease for such a purpose involves the guardian in personal responsibility under the civil damage act, and he has a right to choose his tenant.

2. SAME—DISAFFIRMING LEASE BY FORMER GUARDIAN.
    A guardian may disaffirm an unexpired lease of his ward's real estate, made by a former guardian, and make a new lease.

3. SAME.

Though a guardian, by instituting a proceeding to lease his ward's real estate, may avoid an unexpired lease made by a former guardian, he reinstates such lease by acquiescing in an order in such proceedings continuing it in force.

4. SAME—ORDER OF COURT.

In a proceeding by a guardian to lease his ward's real estate, the referee reported that $1,400 a year was a reasonable rent, and that the tenant in possession, who had taken from a former guardian a lease reserving a yearly rent of $1,200 for the term and $1,400 for a renewal term, had agreed to pay a yearly rent of $1,400 for the term and $1,500 for the renewal term, but the court merely confirmed the report, leaving the lease at $1,200 in force, and the guardian acquiesced. *Held*, that the order should be modified so as to allow the guardian to make a new lease in accordance with the agreement.

5. SAME—PARTIES TO PROCEEDINGS.

Since, under Code Civil Proc. § 2349, a proceeding to lease an infant's real estate may be instituted by "any relation" of the infant, it is proper to make any relation a party to such a proceeding when instituted by a guardian.

6. SAME—RIGHT OF RELATION OF INFANT TO APPEAL.

In a proceeding by a guardian to lease his ward's real estate, an uncle of the ward, who is, in effect, made a party by an order that he be given notice of the hearing before the referee, and that he be heard, has a right to appeal from an order confirming the referee's report, though he has no interest in the matter except such as may be assumed from the relationship, and though the guardian acquiesces in the order.

Appeal from special term.

Petition by John A. Stafford, general guardian of Edward Mahon, an infant, for leave to lease certain real estate of the infant. From an order confirming the report of a referee Edward J. Gonoude, an uncle of the infant, appeals. Order modified.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

William J. Walsh, for John A. Stafford.

Louis Hanneman, for Edward J. Mahon.

Matthew Daly, for O'Brien.

Guggenheimer & Untermyer and M. Weinman, for Edward J. Gonoude.

DALY, C. J. The order confirming the report of the referee, in which he finds that the lease executed by the former general guardian of the infant is in force, and that no sufficient reason exists for ordering a new lease to be made, has been acquiesced in by the present general guardian, who instituted these proceedings, and the only appeal therefrom is taken by a person who is said to be an uncle of the infant, but who has no interest whatever in the matter except such as may be assumed from the family relation, and would seem to be sufficiently protected by the general guardian. Question is made as to the right of a relative of the infant to be made a party to a proceeding taken by the guardian to lease the infant's real estate, and to his right to question by appeal the discretion of the guardian or the court in making disposition of the proceeding; but I apprehend that no harm can result from admitting such a person as a party to the proceeding; that, on the contrary, it affords the court additional means of information by which to arrive at a proper conclusion. The proceeding for the leasing of an infant's real estate

could be instituted by "any relation" of the infant, (Code Civil Proc. § 2349,) and so there is no impropriety in making any relation a party when it is instituted by guardian. In this case the appellant, Gonoude, was, in effect, made a party to the proceeding by the special term order (not appealed from) requiring that notice be given to him of the hearing before the referee, and that he be heard. This unquestionably conferred the right to appear, to except to the report, and to appeal, or it would be ineffectual.

Assuming, then, the right of the appellant, in the interest of the infant, to assail the correctness of the referee's decision, and the order confirming it, we are to inquire if they injuriously affect the interests of the infant. The sole question is whether the general guardian shall take the premises from one party who has hired them for a liquor store, and is willing to pay $1,400 per annum, and give them to another party, to use for the same business, at $1,800 per annum. At the outset it must be premised that the general guardian is dealing with a lease made by his predecessor, the mother of the infant, who was his general guardian, and is now deceased, and who executed to one Cunningham, on November 10, 1891, a lease to commence May 4, 1891, for five years, at $1,200 per annum, with a covenant for a five-years renewal at $1,400. This lease was subsequently assigned by Cunningham to one Keane, who assigned it to O'Brien, and the latter swears that he has agreed to pay $1,400 per annum for the first term, and $1,500 for the renewal term,—an increase of the rent originally reserved. When this lease was executed there was an outstanding lease of the premises, executed by the father of the infant, the then owner of the premises, at the rental of $100 per month, which lease did not expire until March 30, 1892. The present general guardian had the power to disaffirm the lease made by the preceding guardian, and to make a new lease; for a guardian may lease for a time as long as he continues guardian, or for any number of years within the minority of the infant, subject to being defeated by another guardian being appointed pursuant to the statute. Such lease is voidable by the new guardian. Emerson v. Spicer, 46 N. Y. 594. It is claimed by appellant that the court was bound to make an order for a new lease, because the present guardian has avoided the prior lease by the institution of these proceedings The referee holds otherwise, and the general guardian acquiesces in that determination. This acquiescence leaves the tenants under the old lease in possession, and the question whether there has been a disaffirmance or not is of no consequence. Though the general guardian may avoid the lease by instituting the proceeding, he may reinstate it by acquiescing in the judicial decision that it is not avoided,—a decision which binds all parties. If this were not so, any decision of the court upon such a proceeding as the present, except a decision for a new lease, would be wholly nugatory, and to institute the proceeding would require the court as matter of course to grant it. But the statute intended, when it provided for an application to the court by the guardian or other party interested, a submission of the questions involved to the sound discretion of the court, otherwise the proceeding would be an idle form. Society v. Stevens, 63 N. Y. 341. As the confirmation of the report that the last lease is in full force and effect

binds the guardian during its continuance, the question is whether the rights of the infant have been prejudiced thereby. It is undoubtedly the fact that responsible parties offered $1,800,—a larger rent for the premises than the lessees are required to pay. These parties desired to carry on the business of selling liquor. No higher rent than $1,400 can be obtained for the property for any other business, so far as appears. Must the court then direct a guardian to make a lease to the parties offering the greater rent for the purpose named? It is clear that the court is not bound to do so, and, further, that the court could not force the guardian to do so by any order it might make. To lease the premises for the sale of liquor involves the guardian in personal responsibility under the civil damage act, and this responsibility cannot be forced upon him by any order of the court. As he is personally liable, he must be left to the exercise of his discretion as to the tenants to whom he will intrust the premises. If, upon his accounting, there should be evidence of bad faith resulting in loss of rental he will be answerable; but the court will not direct in advance, against his objection, the making of a lease for saloon purposes, in order to obtain a higher rent from the premises.

There is, however, a matter which is left in a doubtful shape by the order as it stands. The lease which is declared to be in force reserves only $1,200 annual rent for the term, and $1,400 per annum for the renewal. The referee has found that $1,400 per annum is now the fair rental value of the premises, and the assignee of the lease admitted on the reference that he had agreed with his assignor to pay that amount annually for the term, and $1,500 per annum for the renewal term; but no agreement to that effect was produced, and the confirmation of the report as it stands seems to approve of the lease as originally made, although it is for a less rental than is found to be reasonable. The lease as approved by the referee and the court was not a lease for the rental originally reserved, but was, in effect, a new agreement for a larger rental. This was, therefore, a new lease, and was what the petitioner asked to be allowed to make, and the final order of the court should have granted his petition, and allowed him to make a new lease with the assignee of the outstanding one at the increased rental, which the referee found to be reasonable, and which the assignee was willing to pay. The final order appealed from should be modified by inserting a direction as above suggested. No costs of this appeal to either party.