GUSTAV A. KOKE and Others, Appellants, *v.* JOHN HENRY BALKEN and Others, Respondents.

73  145
148a 732

*Action maintainable against one of two wrongdoers — evidence sufficient to authorize a finding by the court.*

A person wronged may bring an action against one of two wrongdoers, and the fact that the other has not been joined is not a defense.

Assuming that a tenant in common, who is in no way related to his co-tenants, owes a duty to them in respect to their interest in the common property, so that he could not become a purchaser to their disadvantage, the evidence which will authorize a court in finding that this duty has not been violated, considered.

APPEAL by the plaintiffs, Gustav A. Koke and others, from a judgment of the Supreme Court in favor of the defendants, rendered upon a decision of the court after a trial at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 1st day of March, 1893, adjudging the defendants to be the owners of certain real estate, and dismissing the plaintiffs' complaint upon the merits, and for costs.

*Josiah T. Marean,* for the appellants.

*William R. Martin,* for the respondents.

FOLLETT, J. :

This action is for the recovery of a judgment declaring that the defendants hold an undivided half of No 117 Christie street, upon a resulting trust for the plaintiffs, and that they be required to convey

and deliver possession of the same to them, and that they account for rents and profits.

April 29, 1873, the premises in controversy were conveyed to John Balken and Frederick C. Koke, in consideration of $16,250, they becoming tenants in common, each owning an undivided half, subject to a mortgage of $10,000, which they assumed and agreed to pay. March 13, 1876, Frederick C. Koke mortgaged his undivided half of the premises to secure the payment of $1,500 on March 13, 1878, with interest, which mortgage was duly recorded.

October 2, 1876, Frederick C. Koke died intestate, leaving him surviving his widow, Elizabeth F. Koke, and eight children, the plaintiffs in this action (of whom Elizabeth F. Koke is the mother), his heirs and next of kin. October 10, 1876, Elizabeth F. Koke was appointed administratrix of the estate of her husband, and also the general guardian of her children, all of whom were then minors.

February 21, 1878, John Balken and Elizabeth F. Koke entered into this agreement:

"Agreement made and entered into this 21st day of February, 1878, between Frederika Koke, administrator of the goods, chattels and credits of Frederick C. Koke, deceased, party of the first part, and John Balken, of the same place, party of the second part:

"Witnesseth, That the said party of the first part agrees to sell unto the said party of the second part the undivided one-half part of house and lot known as No. 117 Christie street, in the city of New York, for the sum of nine thousand one hundred and seventy-five dollars, to be paid to her as follows, viz.:

"The sum of sixty-five hundred dollars by assuming two mortgages for that amount, being a lien on said undivided one-half of the said house and lot, with interest from March 1st, 1878.

"The sum of twenty-five hundred dollars by his bond secured by a mortgage on said premises, and payable in five years or sooner, with interest at the rate of seven per cent per annum, payable half yearly.

"The sum of one hundred and seventy-five dollars in cash on delivery of deed.

"And the said party of the second part hereby agrees to buy the said undivided half of said premises for the price above stated, and pay for the same as above specified.

" The deed to be delivered as soon as a decree of the surrogate of the city and county of New York shall be obtained for the sale of said premises. Party of second part to take possession and be entitled to the rents from March 1st, 1878; said premises to be conveyed free and clear from all incumbrances, except as aforesaid.

" In witness whereof, the parties hereto have hereunto set their hands and seals on the day and year first above written.

" JOHN BALKEN. [SEAL.]

" F. KOKE. [SEAL.]

" Sealed and delivered in presence of

" F. W. KOKE."

April 1, 1878, the $1,500 mortgage above mentioned was assigned by the mortgagee to Mary Balken, wife of John Balken, who paid the purchase price therefor.

July 24, 1879, Mary Balken commenced an action in the Court of Common Pleas for the foreclosure of that mortgage, wherein Elizabeth F. Koke, individually and as administratrix, and her eight children were parties defendant. A guardian *ad litem* was duly appointed for the infant defendants.

August 22, 1879, the usual judgment of foreclosure and sale was recovered in the action, the amount found due being $1,650.48, with interest from March 16, 1878. Subsequently the premises were sold pursuant to the judgment to John Balken, who received a conveyance dated September 15, 1879, which was duly recorded. This sale was subject to the mortgage for $10,000. Under this deed Balken entered into possession of the premises.

December 1, 1879, John Balken executed a mortgage on said premises to Elizabeth F. Koke, as administratrix of her husband's estate, for $2,500, with interest, no part of which has been paid except the interest thereon to June 1, 1890. Said mortgage, together with $175 in cash, was the consideration paid and secured to be paid by John Balken for the interest of the plaintiffs and of their mother in said premises. September 28, 1880, John Balken died leaving Mary R. Balken, his widow, and seven children, his heirs at law who are defendants herein. He left a will which was duly admitted to probate, and letters thereon were issued to Jonas Strommel, the executor therein named, who is a defendant in this

action. By his will the testator devised all of his real estate to his widow during her life, or until her remarriage, and at her death or remarriage he directed his executor to sell the same and divide the proceeds among his seven children. Subject to the life estate the realty descended to the testator's seven children. The widow is still living and has not remarried.

It is urged that Balken owed a duty to his co-tenants in common in respect to this property, and that he could not become a purchaser to their disadvantage. Assuming that one tenant in common in no ways related to his co-tenant owes this duty, we fail to find any evidence in the admitted facts above stated which would have authorized the court to have found that this duty was violated. It does not seem to us that the contract above quoted furnishes the slightest evidence of intentional bad faith on the part of either of the parties to it. It is expressly provided therein that the sale should be pursuant to a decree of the surrogate, which negatives any suspicion that the transfer of title was to be secret or fraudulent. Besides, it appears that the bond and mortgage executed by Balken for $2,500 was given, not to Elizabeth F. Koke individually, but to her as administratrix of her husband. This fact does not appear from the pleadings nor from the findings, but it is disclosed by exhibits 8 and 9, read in evidence by the plaintiffs. This shows that the sale was not made by the mother of the plaintiffs for the purpose of converting the avails thereof to her own use. Having received the security in her representative capacity she is liable to account to her children for it, and the mortgage is still unpaid and can be easily reached by them. We do not think that the evidence received would have warranted a judgment in favor of these plaintiffs and against these defendants. It is asserted that great injustice was done by the court's refusing to permit Mrs. Koke to testify to certain facts on the ground that she was disqualified under section 829 of the Code. The plaintiffs offered to show by her that she received the rents and profits of the realty up to March 1, 1878. Assume that she did, she had the right to. Upon the death of the father of the infants, their mother became their guardian in socage (1 R. S. 718, § 5), and as such she had the right to receive the rents of their realty. (*Byrne* v. *Van Hoesen*, 5 Johns. 66; *Beecher* v. *Crouse*, 19 Wend. 306; *Emerson* v. *Spicer*, 46 N. Y. 594.)

October 10, 1876, she became the general guardian of the infants, and as such had the right to receive rents of the realty. (2 R. S. 150, §§ 3, 10 ; 2 Kent's Comm. 238.) It may be said that the record does not show that she was the guardian of the estates as well as of the persons of the infants. If this be so, in that case the guardianship in socage continued and she had the right to collect the rents in that capacity. The exclusion of this evidence did the plaintiffs no harm. The plaintiffs offered to show by Mrs Koke " that in the summer of 1879, Mr. Balken came to her and told her that he was advised that the surrogate could not make any such order, permitting her to sell, as this contract provided for, and that the only way the arrangement could be carried out, and he could get title, would be by foreclosure of the second mortgage, and he told her that he would have the second mortgage foreclosed and buy it in at the sale, and would, notwithstanding, give her the $2,500 mortgage, the same as he had agreed in this .contract, and told her that she need not attend the sale ; that it was not necessary for her to take any notice of it at all; that he would attend to it." This offer was rejected. Even if the facts asserted in the offer had been proved or admitted, we do·not think it would have furnished ground for the relief sought. All of the evidence tends to show that this sale was made openly and in the interests of the estate. The court found that, at the time of the sale, the fair market value of the whole property was $20,000. It was subject to a mortgage of $10,000, which reduced the value of the equity of the tenants in common to $10,000, one-half of which, $5,000, belonged to Balken and $5,000 to the plaintiffs. The amount due on the mortgage given by Koke on his share at the time of the judgment of foreclosure was $1,650, which reduced the value of the share to $3,350, for which, say nothing about the costs of foreclosure, Balken paid $2,675, which left a margin of only $675.

The witnesses all agreed that an undivided half of realty will not sell for so much proportionately at a private or judicial sale as the whole would bring sold together, and that the difference is from five to ten per cent on the value of the property. From this evidence it appears that Balken did not deprive these plaintiffs of any part of that which was justly theirs. This sale was made in 1879. This action was begun March 24, 1891, twelve years afterwards. The plaintiffs

became of age at the following dates : Frederick W. Koke, March 21, 1877 ; Gustav A. Koke, August 24, 1878 ; Amelia Koke, December 25, 1879 ; Godfrey C. Koke, October 26, 1883 ; Louisa Koke, September 5, 1884 ; Emma Koke, July 2, 1888 ; Frederika Koke, February 5, 1890 ; William A. Koke, September 18, 1892.

During all these years the adult plaintiffs have lain by until the property has greatly increased in value, and now seek to charge the heirs of Balken, who had no part in the transaction, with the results of what they allege to be a concurrent fraud of their own mother and general guardian and the deceased father of the defendants. The mother of these plaintiffs, if any wrong was done, was the principal wrongdoer, and the plaintiffs have their remedy against her. Of course, persons wronged may bring their action against one or two wrongdoers, and the fact that the other has not been joined is not a defense ; but this is an equitable action, and the plaintiffs are bound to show some equities as against these defendants, which, we think, they utterly failed to do. The case at bar bears no likeness to *Carpenter* v. *Carpenter* (131 N. Y. 101). In that case the uncles, who were tenants in common with their nephews and nieces, by a collusive sale of the realty, defrauded the infants out of a large property, and the action was promptly brought against the wrongdoers.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.