(24 Misc. Rep. 713.)

### FOLSOM et al. v. HESSE.

(Supreme Court, Appellate Term. October 5, 1898.)

BROKERS—COMMISSIONS—WHEN EARNED.

 A broker was employed to obtain a lease, for at least eight years, of premises in which to conduct a certain business. He obtained a lease on premises owned in part by infants, the youngest of whom would be of age in six years. The principal refused to accept the lease. *Held*, that the broker was not entitled to his commissions, since the guardian of the infants could only make a lease during the infants' minority, and hence the broker has not found a person "able" to enter into the contract which he was authorized to negotiate.

Appeal from Third district court.

Action by William Folsom and others against Albert Hesse to recover commissions as brokers. From a judgment of the Third municipal court, borough of Manhattan, for plaintiffs, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Ovide Dupré, for appellant.

P. C. Talman, for appellees.

GILDERSLEEVE, J. The undisputed testimony shows that defendant was looking for a place to hire for a restaurant; that, among other places, he looked at No. 24 Union Square; that there was a sign "To Let" on the premises, with plaintiffs' firm name as brokers; that defendant called, on or about November 19, 1897, on the plaintiffs, who are real-estate brokers, with regard to hiring the place; that plaintiffs drew up a letter embodying the conditions that defendant would agree to, which letter begins as follows, viz.: "Messrs. Folsom Brothers—Gentlemen: I hereby agree to lease building No. 24 Union Square, for eight years, beginning May 1st, 1898, and pay $3,000

per year, on the following conditions," etc.; and then follow the con-
ditions upon which defendant was willing to hire the place.    The
plaintiff William Folsom, who appears to have had charge of the mat-
ter for his firm, handed this letter to defendant for his signature, and
agreed to present it to the owners of the property for their approval
and acceptance.    Defendant swears that he regarded this letter sim-
ply as a proposition on his part, and not as a binding agreement.
Subsequently, defendant and said plaintiff went to the office of the
attorneys for the owners of a third interest in the property, where
another discussion took place as to terms.    The property was appar-
ently owned by three different parties, one of whom was represented
by the said attorneys, Messrs. Strong & Cadwallader, another was
Mrs. Ruggles, who was present at the interview at the attorneys'
office, and the third part was owned by the two children of Mrs. Rug-
gles, one of whom was either just or nearly 21, and the other about 14
or 15 years of age.    These children do not appear to have been pres-
ent, and there is no evidence to show whether or not they had any
guardian, or were in any way represented in the matter.    Mr. Wicker-
sham, one of said attorneys, raised some objections to the terms, as
set forth in the letter which plaintiffs had drawn up, and which de-
fendant had signed, and some alterations were made; and then the
letter was again handed to defendant, who read it over, and said the
terms were satisfactory to him, according to the testimony of Mr.
Wickersham; but defendant swears that he told him that he wanted
his lawyer to see the paper before he signed the lease.    The attorneys
subsequently drew up a lease embodying the terms set forth in the
letter, as altered, and sent it to defendant to have it signed by him;
but defendant refused to execute the lease, saying he wished to sub-
mit it to his lawyer, and that he wished some alterations made.    The
attorneys replied that it was too late, as the owners had agreed to
the terms embodied in the letter, and that no changes could be made.
Defendant, however, persisted in his refusal, and the lease was never
executed.    The landlords do not appear to have taken any action
in the matter, but plaintiffs bring this action for brokers' commis-
sions, claiming to be entitled to $240, which is 1 per cent. on $24,000,
the rent for eight years, at $3,000 a year.    It is their claim that they
were hired by defendant to procure the lease, and that they have per-
formed their contract.    Defendant's claim, on the other hand, is that
plaintiffs were the agents for the owners of the property in question,
and that defendant negotiated with them as such agents solely, with-
out in any way employing them to act as brokers for himself.    The
justice gave judgment for the plaintiffs.

   Without going into an analysis of the evidence for the purpose of
determining whether or not the judgment is against the weight of
testimony, we think that the judgment must be reversed, for the
following reason:    It is undisputed that one, at least, of the landlords,
is a minor, who will reach the age of twenty-one in six or seven years.
The lease is for eight years, or, at least, one, if not two, years longer
than the coming of age of the minor landlord.    It is well settled that,
before a broker is entitled to recover compensation for his services, he
must show that he has found a person able and willing to enter into

the contract which he was authorized to negotiate. See Smith v. Railway Co., 72 Hun, 202, 25 N. Y. Supp. 368. The plaintiffs, according to their own evidence, were authorized to negotiate a lease for eight years. It seems that the defendant wanted one for ten years, but agreed to take one for eight years. If we assume that there was a guardian for the infant, of which there is no evidence, the power of the guardian to make a lease of his ward's lands was limited to leases terminating within the ward's minority; and, on the option of the ward, the lease would be void for the excess,—i. e. the one or two years that the lease had to run after the coming of age of the ward. See Schouler, Dom. Rel. p. 555, § 350; Willard, Real Prop. (2d Ed.) p. 433; Woerner, Guardianship, p. 45; Emerson v. Spicer, 46 N. Y. 597. It therefore follows that plaintiffs, even according to their own testimony, did not produce a party able to enter into the contract which plaintiffs were authorized to negotiate.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

GIEGERICH, J., concurs.

BEEKMAN, P. J. (concurring). The evidence shows that the plaintiffs were acting as brokers for the owners of the premises in question, and had their bill affixed thereto, advertising the same to let. Nothing passed between the plaintiffs and the defendant with respect to any employment of the former to obtain a lease of the property, or touching the payment by the defendant of any commission; nor can any such employment be justly inferred from anything that is disclosed by the record. All that the plaintiffs did was quite consistent with the proper performance by them of their duties as brokers for the owners. I am of the opinion that the plaintiffs failed to establish any contract of employment with the defendant, either express or implied, and that for that reason the judgment in their favor should be reversed.