STANLEY MARCZAK, by JOHN MARCZAK, His Guardian ad Litem, Plaintiff, *v.* BROOKLYN CITY RAILROAD COMPANY, Defendant.*

Supreme Court, Kings County, July 2, 1932.

* Revd., 237 App. Div. 841.

*Harry Markowitz,* for the plaintiff.

*Arthur J. W. Hilly, Corporation Counsel [J. P. Reilly* and *Junius P. Wilson* of counsel], for the defendant.

BROWER, J. This is a motion made by the plaintiff and his guardian *ad litem* for an order directing the chamberlain of the city of New York to pay to Stanley Marczak the sum of $6,272.53 in cash, with accrued interest. The plaintiff instituted an action against the Brooklyn City Railroad Company for personal injuries, which action was settled out of court, and the proceeds of the settlement were ordered to be paid to the chamberlain of the city of New York. Under date of April 4, 1927, upon the *ex parte* application of the guardian *ad litem,* an order was entered herein, which, among other things, provided " that the Chamberlain of the City of New York is hereby directed to invest the sum of $4,500 out of the sum of $5,000 in guaranteed first mortgage certificates bearing interest at $5\frac{1}{2}\%$ per annum and which are legal for the investment of trust funds." Pursuant to said order, and on or about April 29, 1927, the chamberlain invested $4,500 in a guaranteed first mortgage certificate of the New York Title and Mortgage Company bearing interest at five and one-half per cent, which matured December 1, 1936, four years and seven months after the infant would become of age (May 2, 1932).

Plaintiff contends that the chamberlain should have made an investment of the principal which would mature before the date when he would become of age, and contends that the chamberlain should have ascertained said date at the time of making the investment. I think that guardians must take into consideration the age of the infants whom they represent in making investments, and the chamberlain, who received certain fees for his services, is in no different position. If the age of the infant is a factor to be considered, it would follow that there is a duty on the part of the guardian or chamberlain to ascertain the age of the infant. While no case has been cited which is directly in point, I find much to support the contention that changes in the nature of an infant's estate have been limited and jealously guarded, to the end that, upon reaching majority, the infant may receive his estate in the absolute enjoyment thereof. The same basic principle that applies with respect to leasing lands of an infant seems to me to apply in the case of investments of personal property. Perry, writing on Trusts, correctly states the law as I find it to be when he says in section 608 that " there can be no doubt that it is the duty of the trustees or guardians of infants to lease the lands of their wards, as the wards are incapable of acting for themselves; and they must collect the

rents and account for them: but they cannot execute leases extending beyond the majority of the infant; if they do, the infants on coming of age can disaffirm the lease and take possession." (Citing *Emerson v. Spicer*, 46 N. Y. 594.)

The same reasoning employed in contracts made on behalf of the infant involving real estate applies with equal force to contracts involving personal property. It may be that a lease or other contract extending beyond majority would be beneficial for the infant. He might realize a larger income and a greater financial profit than he would gain by his own efforts. But considerations such as these should have little weight. The guardianship by the courts should be confined to persons under disability, and, therefore, presumed to be unable to protect themselves, and upon removal of the disability they should be left to their own endeavor, whether it means success or failure. It is not necessary for me to determine in this case whether or not investments of personal property must fall due on or before the precise day on which the infant will become of age, because here the mortgage certificate does not expire until four years and seven months after the infant becomes of age. No satisfactory explanation is offered as to why a security of such delayed maturity was selected. The inference is inescapable, therefore, that the element of the infant's age was entirely disregarded in this case, and it is no defense to merely assert that the chamberlain was ordered to make an investment of the infant's funds, because he was not ordered to make this particular investment and was not ordered to disregard so important a factor as the infant's majority.

Motion granted. Submit order accordingly.