In the Matter of the Application of MARY E. HYNES, as General Guardian, etc., for leave to sell real estate.

The widowed mother of an infant who owns real estate, as general guardian of the infant, "with the rights, powers and duties of a guardian in socage" (1 R. S. 718, § 5), has the right to the possession of said real estate.

This right carries with it a corresponding duty to obtain such possession; and if wrongfully withheld, to bring suit for that purpose.

The widow, therefore, has the right to employ counsel to bring ejectment and to make a contract with him for his compensation.

Where such a guardian entered into a contract with an attorney to pay him for his services one-third of the value of the real estate recovered, and it appeared to the satisfaction of the court, after a careful and full examination, that the contract was, under the circumstances, a fair, reasonable and proper one. *Held*, that a specific performance of the agreement was properly adjudged.

Also, *held*, that the attorney could not be required to pay, out of the sum coming to him, the fees of counsel employed, not by him, but by a third person; also, that no assent to a charge of the counsel's fees to the attorney could be implied from the fact that said counsel, with the consent of the attorney, took the leading part on the trial of the action and argued various appeals from the judgment obtained.

But, *held*, that counsel employed by the attorney would have to look to him for compensation, and had no claim against the widow or the estate of the infants.

(Argued May 3, 1887; decided May 13, 1887.)

THESE are cross appeals from an order of the General Term of the Supreme Court in the first judicial department, made December 31, 1886, which modified, and affirmed as modified, an order directing the sale of certain real estate belonging to William R. and Andrew Hynes, infants, to pay debts.

The indebtedness in dispute was a claim of John L. Brower for compensation as attorney in prosecuting certain ejectment suits to recover possession of the infants' real estate.

The father of said infants died seized of the real estate in question. It was taken possession of by certain relatives of his, who claimed to be his only heirs-at-law, on the ground that no lawful marriage had ever taken place between the father and mother of said infants, and that they were illegitimate. Said attorney based his claim upon the following agreement made between him and the mother of said infants :

" This agreement, made the 24th day of November, 1875, between Mary Eliza Hynes, individually, and as general guardian of William R. Hynes and Andrew Hynes, party of the first part, and John L. Brower of the city of New York, party of the second part.

"*Whereas*, The said party of the first part and her two children, William R. Hynes and Andrew Hynes, are in poor and needy condition ; and,

" *Whereas*, A large amount of real and personal property belonging to William R. Hynes, the late husband of the party of the first part, is unlawfully withheld from said party of the first part and her said children ; and,

" *Whereas*, Said party of the first party, individually and as guardian as aforesaid, had and has no means wherewith to commence and continue proceedings for the recovery of said property ; and,

" *Whereas*, The said party of the second part, at the special

request of the said party of the first part, has commenced proceedings, to recover said property.

"*Now this agreement witnesseth:* That the said party of the first part, individually and as said guardian, for and in consideration of the assistance and service of the said party of the second part in attempting to recover the property aforesaid, agrees to pay to the said party of the second part a sum of money equal to one-third of the value of all the said property recovered and restored to her and her said children.

"In witness whereof, the parties hereto have hereunto set their hands and seals the day and year first above written.

"M. E. HYNES,                    [L. S.]
"M. E. HYNES, as Guardian,   [L. S.]
"JOHN L. BROWER.          [L. S.]"

The further material facts are stated in the opinion.

*Truman H. Baldwin* for John L. Brower, appellant. Mrs. Hynes, as general guardian of her infant children, had the power to enter into the agreement with Mr. Brower and to bind them thereby. (3 R. S. [6th ed.] 167, § 3 ; id. 168, §§ 1–10 ; Bac. Abr. Tit. "Guardian" A. ; F. ; G. ; *Truss* v. *Old*, 6 Rand. 556; *King* v. *Inhab. of Oakley*, 10 East, 494; *Wade* v. *Baker*, 1 Ld. Raym. 131, *Byrne* v. *Van Hoesen*, 5 Johns. 66 ; *Emerson* v. *Spicer*, 46 N. Y. 596 ; *Holmes* v. *Seeley*, 17 Wend. 75 ; *Beecher* v. *Crouse*, 19 id. 306, *Torry* v. *Black*, 58 N.Y. 185, 189 ; *White* v. *Parker*, 8 Barb. 48, 53 ; *Thacker* v. *Henderson*, 63 id. 271, 277 ; 2 Kent's Com. 228 ; Schouler's. Dom. Rel. 393, 462; Tyler on Infancy and Cov. 240 ; 10 East. 494 ; *Sherman* v. *Wright*, 47 N.Y. 227 ; 1 Crary's Pr. 435, 437, 438, 440; *Lovel* v. *Minot*, 20 Pick. 116 ; *Taylor* v. *Bemiss*, 110 U. S. 42 ; *In re Livingston*, 34 N. Y. 555, 577 ; *Ruger* v. *Cruger*, 7 Johns. 577 ; *Savile's Case*, Moseley, 224.)

*David McClure* for respondent and cross appellant. The agreement is void as against the infants. (*Taylor* v. *Bemis*, 110 U. S. 42, 44 ; *Sherman* v. *Wright*, 49 N. Y. 230 ; *Torry* v. *Black*, 58 id. 185.)

PECKHAM, J.   There can be no doubt of the authority of a guardian in socage to make a contract such as this.

By our Revised Statutes, under the facts in this case, the mother became a general guardian with the rights, powers and duties of a guardian in socage.   (1 R. S., 718, § 5.)   Such a guardian had a right to the possession of the ward's lands, and to the receipt of the rents and profits thereof, and could maintain ejectment to recover possession of such lands. (*Jackson* v. *De Walts*, 7 Johns. 157 ; *Beecher* v. *Crouse*, 19 Wend. 306 ; *Byrne* v. *Van Hoesen*, 5 Johns. 66 ; *Sylvester* v. *Ralston*, 31 Barb. 286 ; *Emerson* v. *Spicer*, 46 N. Y. 594; Schouler's Domestic Relations, §§ 286–290 ; 2 Kent's Com. m. p. 222.)

The right to the possession of the real estate of the ward carries with it a corresponding duty to obtain such possession, and, if wrongfully withheld, the guardian should sue for it. In imposing this duty upon the guardian the law necessarily gives to him the right to employ counsel, and, of course, to make a contract for his compensation.   (*Taylor* v. *Bemiss*, 110 U. S. 42.)

The attorney for Mrs. Hynes, and also all the other parties, seem to have regarded this proceeding as practically a suit to enforce a specific performance of the contract made between the attorney and Mrs. Hynes as general guardian for her infant children, and with that view he proved the facts surrounding the making of the agreement, and gave evidence as to the value of the property to be recovered, the pecuniary situation of the infants and their guardian, the labor involved in the prosecution of the various legal proceedings, and the success attending such prosecution, and he also called some of the most reputable and eminent members of the New York bar upon the question of the reasonableness of such agreement, and their opinions were unanimous, and were all favorable to its propriety and fairness.   The questions involved in the litigation in the actions of ejectment were argued upon appeal before this court and have been reported.   (See 82 N. Y. 41,

and 91 id. 451.)    That they were complicated and grave cannot be doubted.

The question of the propriety of the agreement was before the Special Term of the Supreme Court, and although there was then no affirmative evidence against it, yet the learned and careful judge, therein presiding, referred it back to the referee to take further evidence on that subject, and to report thereon to the court.

It was upon the proceeding on the second reference that the opinions of the members of the bar were procured under oath and upon a fair statement of all the facts as shown in the record now before us.

The referee in his second report said upon this subject: "I have carefully considered the situation of the infants after the death of their father as disclosed by the testimony taken herein, in that the estate, both real and personal, of their father had been taken possession of by relatives of the father residing in this country, claiming to be his only heirs-at-law and next of kin, they insisting that the marriage of the father of said infants with their mother, the petitioner, was illegal and void, and said infants illegitimate, and in that the marriage claimed had taken place in a foreign country without the performance of any marriage ceremony, and that said relatives were possessed of large means and said infants were without any means to prosecute legal proceedings to establish their claim to legitimacy and to their father's property, and their mother was also without any means, and the infants were dependent upon the charity of the friends of their late father for support and were of tender years."    The referee finds as a fact that the agreement with Mrs. Hynes, individually, and as general guardian of the infants, was in all respects just, fair, reasonable and proper.    The Special Term again examined this report, and in an opinion the learned justice holding that court said : "I have most carefully examined the testimony taken before the learned referee both at the original and supplemental hearings, and I have reached the conclusion that the judgment twice pronounced by him, after hearing and

seeing the witnesses, is correct, and that his report should, therefore, be confirmed." The General Term, with an exception to be noticed, agreed with this view of the case and, after a modification, affirmed the order of the Special Term. Upon this testimony this court would not be justified in reversing the conclusion of the lower courts upon the fact as to the character of the agreement in point of fairness and propriety. It appears, however, that just as the attorney and one whom he had associated with him were about to enter upon the first trial of the action of ejectment, another counsel appeared for the plaintiff therein, and with their assent took the leading part in the trial of the action, which lasted five days, and such counsel also argued the various appeals thereafter and took the same part in the second trial, and the subsequent appeals from the judgment then obtained. The services of the counsel were most meritorious and valuable, but they were not rendered upon the retainer or request of the attorney making the agreement with Mrs. Hynes, and, so far as appears, were wholly separate and distinct from his contract with her. The General Term held that whatever sums were or should be paid this counsel must be deducted from the amount claimed by the attorney, and modified the order of the Special Term to that extent.

We are unable to see the force of the reasoning which led to this result. Undoubtedly the attorney would have to pay out of his share all expenses of counsel retained by him in the conduct of the cause. He could not make the infants or the mother liable for that expense. It seems equally true that neither the mother nor anyone for her, or as a mere stranger, could retain counsel and charge the expense of his payment to the attorney, without his assent to such arrangement. There is no proof of any such assent, and we think none is implied from the fact that counsel was employed by a third person, and thereafter the attorney consulted with such counsel and permitted him under such retainer to take the leading part in the trial and argument of the action. As the evidence shows, what took place in court, while, of course, of

the most vital importance, was but a small part of the actual labor performed in the case. And if the attorney were responsible for the payment of counsel out of his share, when such counsel was not retained by him, and when he was ready and willing to go on without him, the amount of his possible compensation might be very seriously diminished, if not entirely wiped out, without his consent. Treating with counsel retained by a third person, and permitting him to aid in the trial of and to argue the case, is very far, indeed, from any assent that his services shall be paid for by the attorney instead of the person who retained him.

One other objection is made. There was a sale of vacant lots in Tennessee, and the proceeds of the sale are in the hands of the clerk of the Chancery Court of the State. Counsel for appellants claims that the attorney is not entitled to his proportion of that fund. We think otherwise. The title of the infants to the property of their late father has been established by these actions, and Tennessee funds have come or are coming to them by reason of that title. Notes were given for the amount of the sale, less ten per cent paid in cash. The sale took place December 29, 1883, and the last notes became due fourteen months thereafter or in March, 1885. The notes were secured by mortgage on the lands sold. It is to be presumed, in the absence of evidence to the contrary, that the notes were worth their face, and that they have been paid, for, if not, it would have been proved, as the referee did not make his report until September, 1885.

The counsel for the infants also claims that the attorney should only be allowed to recover, upon filing a waiver by his associate of all claims upon the infants or the widow. In his brief before this court the counsel for the attorney says that he (such attorney) had himself selected counsel who had actually commenced the opening address to the jury when the counsel retained by others appeared. As has been already said, counsel employed by the attorney would have to look to him for compensation, and would have no claim against the estate of the infants or the widow.

But we do not think it proper in this proceeding to add the condition asked for.

The order of the General Term should be reversed, and that of the Special Term affirmed, with costs.

All concur except RUGER, Ch. J., and EARL, J., dissenting, and FINCH, J., not voting.

Ordered accordingly.