ANN LEE, as Administratrix, etc., of JOHN LEE, Deceased, Appellant, *v.* JOHN VAN VOORHIS and Others, Respondents.

*Attorney and client — action under Code Civ. Proc. §§ 1902, 1903 — settlement of such action pending an appeal — attorney's lien on the amount received in settlement thereof.*

An attorney dealing with his client must show that his contract for services is fair and reasonable.

The executor or administrator of a deceased person, in bringing an action under the provisions of sections 1902 and 1903 of the Code of Civil Procedure, is empowered to engage the services of an attorney, and, as incident thereto, to agree upon the compensation to be given therefor, with the qualification that the amount so agreed upon shall be fair and reasonable.

While no liability may be created against an estate by a contract made by the executor or administrator thereof for services to be rendered, yet where a prosecution is carried on for and on behalf of the estate, and a liability is created by the executor or administrator thereof individually, if the contract is fair and reasonable, such executor or administrator is entitled to be reimbursed out of the estate.

When, upon the trial of an action brought by the administratrix of a decedent to
recover damages sustained by his death, a verdict was rendered for the plaintiff
and subsequently affirmed on appeal to the General Term, and the plaintiff in
such action made an agreement with the defendant therein, settling such action,
a lien is created in favor of the attorney for the plaintiff in such action for
the amount of his compensation upon the amount paid in settlement of the
action.

APPEAL by the plaintiff, Ann Lee, as administratrix, etc., of John
Lee, deceased, from a judgment of the Supreme Court in favor of
the defendants, entered in the office of the clerk of the county of
Monroe on the 11th day of July, 1893, upon the decision of the
court rendered after a trial at the Monroe Special Term and upon
the verdict of a jury on the issues submitted to it.

*Joseph W. Taylor*, for the appellant.

*J. & Q. Van Voorhis*, for the respondents.

HAIGHT, J.:

This action was brought to procure a judgment declaring a con-
tract between the plaintiff and the defendants null and void.

It appears that on the 21st day of December, 1887, John Lee
died in consequence of injuries received through the negligence of
the Vacuum Oil Company ; that he left him surviving the plaintiff, his
widow, and six minor children ; that thereafter letters of administra-
tion were issued to the plaintiff solely for the purpose of enabling
her to bring and maintain an action against the Vacuum Oil Com-
pany for damages ; that she employed the defendants, who are
attorneys at law, to prosecute such action, agreeing with them that
they should defray the expenses of bringing and prosecuting the
action, and as compensation that they should have one-third of the
recovery over and above taxable costs and disbursements, and in case
of their failure to recover any damages they were to receive noth-
ing for their services.

Thereafter, and on the 13th day of June, 1888, the action was
tried and resulted in a verdict for the plaintiff for $5,000, on which
a judgment was entered December 31, 1888, for $5,801.38, being
the amount of the damages, costs and extra allowance made. An
appeal was then taken to the General Term of the Supreme Court,
where the judgment was affirmed and a judgment entered for

ninety-one dollars and fifty-six cents costs of the appeal. An appeal was then taken to the Court of Appeals, and pending such appeal the plaintiff, without the knowlege and consent of her attorneys, settled the judgments recovered by her with the Vacuum Oil Company for $4,500, $1,000 of which was paid to her in cash and the remaining $3,500 were deposited with the Rochester Trust and Safe Deposit Company under an agreement that the same should be paid over to her upon the delivery to the Vacuum Oil Company of a release by her attorneys of all claims by them by reason of the judgments so recovered by her.

The issues formed by the pleadings in this action were, by an order of the court, submitted to a jury and a verdict rendered thereon. The findings in this action were based upon the verdict and such additional testimony as was deemed material. The trial court has found, as facts, that when the plaintiff signed the agreement with the defendants she was fully informed as to its contents and meaning; that she executed the same freely and without undue influence exerted over her by the defendants or either of them, and that, under the circumstances of the case, the agreement was not unfair and unreasonable, and as conclusions of law that she had the authority to enter into the agreement in question; that it is valid and created a lien in favor of the defendants upon the recovery, etc. Exceptions were taken only to the conclusions of law.

Did the plaintiff have the authority to make the agreement in question? Is it valid, and did it create a lien in favor of the defendants upon the recovery? It appears to us that these questions should be answered in the affirmative. An attorney, dealing with his client, should show that his contracts for services are fair and reasonable. This the defendants have done.

Section 1902 of the Code provides that an " executor or administrator of a decedent, who has left him or her surviving a husband, wife or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused," etc.

Section 1903 provides that " the damages recovered in an action, brought as prescribed in the last section, are exclusively for the benefit of the decedent's husband or wife and next of kin, and,

when they are collected, they must be distributed by the plaintiff as if they were unbequeathed assets, left in his hands, after payment of all debts and expenses of administration. But the plaintiff may deduct therefrom the expenses of the action and his commissions upon the residue, which must be allowed by the surrogate, upon notice, given in such a manner and to such persons as the surrogate deems proper."

It thus appears that the right to bring and maintain the action is given by the express provisions of the Code. In order to bring an action it was necessary for her to have the services of an attorney. She must, therefore, be deemed empowered to engage such services, and, as an incident thereto, to agree upon the compensation that should be given therefor, with the qualification that the amount so agreed upon is fair and reasonable. (*Matter of Application of Hynes*, 105 N. Y. 560–563; *Taylor* v. *Bemiss*, 110 U. S. 42.)

We are aware that it has been held that contracts made by executors and administrators for services to be rendered are deemed to be the individual contract of such executors and administrators, and that they do not create a liability against the estate. (See *Austin* v. *Munro*, 47 N. Y. 360.)

Whilst no liability may be created against the estate, yet, where the prosecution is for and on behalf of the estate, a liability by the executor or administrator individually is created, and, if the contract is fair and reasonable, such executor or administrator may be reimbursed out of the estate.

In the case under consideration the action was not prosecuted for and on behalf of the estate, but was prosecuted for and on behalf of the widow and minor children. The recovery was for their benefit, and the plaintiff, as administratrix, represented them in the action, and the employment of counsel by her to prosecute the action was the discharge of one of the duties that devolved upon her, and, under the provisions of the Code referred to, as such administratrix, she is expressly authorized to deduct from the recovery the expenses of the action. This, we understand, includes all of the necessary and proper expenses incurred by her, including the services of her attorneys.

Section 66 of the Code provides that "the compensation of an attorney or counselor for his services is governed by agreement,

express or implied, which is not restrained by law. From the commencement of an action or the service of an answer containing a counterclaim the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor, and the proceeds thereof, in whosoever hands they may come, and cannot be affected by any settlement between the parties before or after judgment."

Here we have an express provision of the statute authorizing the fixing of the compensation of attorneys by agreement. We also have express provisions giving the attorney a lien upon his client's cause of action to the amount of the compensation so agreed upon.

It is contended that this provision did not operate to give the defendants a lien on the recovery, for the reason that the same did not belong to the plaintiff. But we cannot assent to this interpretation of the provision. It would, in many cases, operate to deprive the attorney of any compensation whatever, for he has no claim against the estate and the administrator may be insolvent.

As we understand, the provisions of section 66 give the attorney a lien, and section 1903 provides that the amount of his claim shall be deducted from the recovery by the administrator. This we understand to be in accord with the suggestion of the court in the case of *Lee* v. *The Vacuum Oil Co.* (126 N. Y. 579). (See, also, *Matter of Application of Knapp*, 85 id. 284.)

The $325 paid to the plaintiff by her attorneys should be regarded as an advancement to her of that amount, and was properly allowed.

The judgment appealed from should be affirmed, with costs.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Judgment appealed from affirmed, with costs.