BURKE *v.* CHICAGO & WEST MICHIGAN RAILWAY CO.

RAILROAD COMPANIES—AUTHORITY OF CHIEF SURGEON—EMPLOY-
MENT OF ASSISTANTS.

> The chief surgeon of a railroad company has no implied
> authority to employ an assistant, who has not been appointed
> by the company, to treat an injured employé, where his
> express authority is limited to the employment of regularly-
> appointed local surgeons of the company, under contract re-
> lations with it.[1]

Error to Berrien; Coolidge, J.   Submitted October 6,
1897.   Decided November 17, 1897.

*Assumpsit* by Charles H. Burke against the Chicago &
West Michigan Railway Company for professional ser-
vices.   From a judgment for plaintiff, defendant brings
error.   Reversed.

*F. A. Nims* and *William Alden Smith* (*F. W.
Stevens*, of counsel), for appellant.

*James O'Hara*, for appellee.

MONTGOMERY, J.   This action was brought to recover
for medical attendance upon one Herman Radke, a former
employé of defendant company, who had received injuries
while working on a train of defendant.   The plaintiff
recovered a verdict of $21.22, and defendant brings error.

After Radke received his injuries, he was first treated
by Dr. Scott, a local assistant surgeon of the railroad
company; but on a certain occasion he was taken worse,
sent for Dr. Scott, who could not be found, and plaintiff
was summoned, and continued to treat the patient for
some weeks, commencing March 4, 1895, and continuing

---

[1] The authority of an agent to employ medical services for an em-
ployé or other third person is the subject of a note to *Hanscom* v.
*Minneapolis St. R. Co.*, (Minn.) 20 L. R. A. 695.

until June 26th of the same year. Dr. G. K. Johnson, of Grand Rapids, was at the time chief surgeon of the defendant railroad. On the 3d of April he wrote plaintiff as follows:

"I am informed that you are now attending Herman Radke, an employé of the C. & W. M. R. R. Co., who was injured a few weeks ago. Will you be kind enough to inform me as to his present condition? Has he completely recovered? I would like a history of the case since you took charge of it. Please send your bill for services, itemized, to me, if you are through with the case."

It is not claimed that in the first instance plaintiff was employed by any one assuming to act for the railroad company, and the circuit judge so charged the jury; but he left the jury to determine whether Dr. Johnson had authority to employ plaintiff to render the services in question after April 3, 1895, and whether Dr. Johnson did employ the plaintiff to render such services; instructing the jury that, in determining that question, the letter of April 3d, above quoted, should be considered. The only evidence tending to show employment is contained in this letter. It certainly contains no express authority for plaintiff to attend Radke at the expense of defendant.

But, further than this, the undisputed testimony shows that Dr. Johnson was given no express authority to employ the plaintiff. It appears that his authority was limited, in respect to the treatment of injured employés, to the employment of regularly-appointed local surgeons of the company, who are under contract relations; the only exception being that if the regular surgeon cannot be immediately reached, and the case is urgent, Dr. Johnson is authorized to employ some other surgeon for temporary services only. This limitation on the authority of the chief surgeon is one which the company had the right to make, and the facts of this case would seem to demonstrate its propriety. Plaintiff in this case entered his charges in the first instance against Radke himself. The

first item was charged at $2 for reducing fracture, and the subsequent items at $1 each.   The bill was rendered to the railroad company at $50 for the first item and $3 for each subsequent visit.   If the defendant has reason to apprehend attempts to enforce such charges as these in the absence of contract, it is not surprising that an attempt should be made, at least, to limit the authority of the chief surgeon to the employment of those who are under contract relations.   In the absence of express authority, there is no implied authority for the chief surgeon to employ assistants. *Terre Haute, etc., R. Co.* v. *Brown*, 107 Ind. 336; *McCarthy* v. *Railroad Co.*, 15 Mo. App. 385.   The case of *Hodges* v. *Power Co.*, 109 Mich. 547, does not aid the plaintiff's contention.   In that case the employment was by the authority of the general superintendent of the defendant company.   We think verdict should have been directed for defendant in this case.

Judgment will be reversed, and new trial ordered.

The other Justices concurred.