(63 App. Div. 7.)

## In re BORKSTROM.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

1. ATTORNEY AND CLIENT—CONTROVERSY AS TO FEES—SUBMISSION TO COURT.

Where, on application of a client for an order directing his attorney to pay over the amount of a judgment which he had collected, the attorney claimed the greater portion of the money as compensation for professional services, and offered to allow the court to determine the amount to which he was entitled, submitting all the facts relative to the controversy, he could not afterwards object that the court should have submitted the determination of the amount due him to a referee, and not fixed the same in passing on the motion for the order.

2. SAME—AGREEMENT AS TO FEE—RECEIPT.

Where an attorney agreed to conduct a suit for a certain fee, and received payment in advance, giving a receipt acknowledging payment in full for all services to be rendered in the case, his subsequent claim, denied by the client, that on the same day the receipt was given it was agreed that he should have 25 per cent. of the recovery, was unsupported by the evidence.

**3. SAME—EMPLOYMENT OF COUNSEL.**

Where an attorney, who had agreed to conduct a suit for a certain sum, retained another attorney as counsel, without the authority of the client, such counsel performing no service other than sitting in court during the trial of the cause, the attorney was not entitled to extra compensation for the services of the associate.

Appeal from special term, New York county.

Application by Oscar Borkstrom for an order directing Jacob Levy to pay over the amount of a certain judgment collected by him as attorney. From an order granting the application, said Levy appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

W. R. Spencer, for appellant.

Jesse G. Roe, for respondent.

PATTERSON, J. This is an appeal by Jacob Levy, an attorney, from an order made at special term requiring him to pay over a sum of money to his client, or to be punished for a contempt for failure to do so. The attorney was employed to foreclose a mechanic's lien, and in the order appealed from he is directed to forthwith pay to one Borkstrom, his client, the sum of $1,592.16, collected in the action, and belonging to Borkstrom, and "wrongfully and fraudulently withheld and kept by the attorney"; and, in case of failure forthwith to pay over the money it is ordered that he be forthwith punished as for a contempt of court. The order was made upon motion founded on a petition presented to the court by Borkstrom. In answer to the motion the attorney presented his own and other affidavits seeking to justify his retention of all but a very small portion of the amount received by him. He challenged the right of the plaintiff to receive any more than a very inconsiderable sum. The principal objection now urged by the attorney to the order is that, there being a contest between himself and his client as to the amount to which the latter is entitled, the court should have directed an inquiry by reference or otherwise as to that subject, and should not have disposed of it upon a decision of the motion. But the answer to that objection is that that matter was passed upon by the justice at special term upon the invitation of the attorney himself, who submitted it to such justice for determination. In his affidavit the attorney says that he has always been ready and willing and anxious to pay over to the petitioner such sum of money as he is entitled to, and that he joins in an application that the court fix and determine the amount to which he may be entitled for his services and for compensation. Upon the papers presented to the justice at special term the determination asked for was made. There was no necessity for a reference. The justice had before him all the facts necessary to the ascertainment of the rights of the attorney, and he remarks that the allegations of the petition are conclusively established.

The record presents a most extraordinary instance of rapacity on the part of an attorney, fortunately uncommon among lawyers practicing at this bar. The plaintiff employed the attorney to foreclose

a mechanic's lien for the sum of $1,500, and on the 31st of August, 1900, he paid to such attorney a fee of $50, taking from him a receipt in the following words, viz.:

"New York, Aug. 31st, 1900.

"Recd. the sum of fifty dollars from O. G. Borkstrom in full payment of all services & fees in case of Borkstrom vs. Cooper. Foreclosure of mechanic's lien."

In addition to the $50, the attorney was entitled to retain such costs as might be recovered in the action. That $50 for full compensation for all services to be rendered in such an action is a very small fee is apparent, but, when taxable costs are added, the compensation is not inadequate. The attorney claims that an agreement was made between himself and his client on the same day the receipt was given that he should have, in addition, one-quarter of any recovery that might be had in the action. That is denied by the petitioner. It is not claimed that such agreement was reduced to writing, and the justice was fully justified in refusing to believe that upon the same day upon which a sum of money had been received by the attorney in full payment for all services and fees, another and different agreement was made, by which he was to have such a large proportion of a recovery. At the time the fee was paid and the receipt was given the foreclosure suit had not been instituted. The action was not begun until September 10, 1900, and the $50, therefore, paid in August, must have related to prospective services in an action, and could not be referred to prior services independent of an action. The foreclosure action proceeded to trial, and judgment was recovered for $1,912.48, which the attorney settled for $1,800. His authority to allow any deduction is denied. He admits, however, that the greater part of that deduction should come from the costs to which it is entitled. These costs, not including disbursements, amount to about $300. The one-quarter of the balance of the judgment which the attorney claims amounts, as he makes the figures, to $375. In addition, he claims to have employed his father as counsel for the petitioner on the trial of the case, and he insists that his father is entitled to $450 for services, which, according to the affidavit of the petitioner, consisted in nothing but sitting in court during the trial of the cause. The attorney did not prove to the satisfaction of the court below an authority from his client to employ counsel, and Borkstrom testified that he did not know of such employment, never requested it, and that there was never any intimation, even, that the father of the attorney expected any compensation from him. Philip Levy, the father of the attorney, claims the lien of $450 for his services, and the learned justice below again remarked, "If I entertained any doubt regarding the allegations of the petition, the attitude assumed by Philip Levy would remove it." We have thus far seen that this attorney claims to be entitled for himself and his father, out of the money realized on the judgment, some $1,125, notwithstanding his agreement as evidenced by the terms of the receipt above referred to. The attorney, in his effort to absorb the moneys of his client, sets up, in further reduction, a demand for $300 for services rendered to Borkstrom in matters other than the

action for the foreclosure of the mechanic's lien. Those services were rendered in connection with certain small claims referred to in the affidavit of the attorney, and also in that of the petitioner, Borkstrom. The latter has sworn that the total amount involved in all of those matters was $891, and that the attorney collected of that sum only $446, and that the said attorney was paid in full for his services the sum of $148.65. The payment is denied by the attorney, but the justice at special term believed the petitioner's statements. There are some other items involved in the inquiry as to the amount to which Borkstrom is entitled, but it is unnecessary to consider them in detail. They relate to disbursements for typewriting papers and for stenographers' fees. On the whole record we are satisfied that the justice below properly disposed of the application. It is apparent that he rejected the story told by this attorney, and has also given no force to affidavits made by other parties and presented by the attorney, believing, as he was entitled to, that there was a specific contract made by the attorney, and that no other agreement for compensation than that specific contract was ever entered into between the parties. As the whole matter was submitted by the attorney himself to the justice at special term for determination, we see no reason for differing with the court below in the conclusion at which it arrived. The order, therefore, should be affirmed, with $10 costs and disbursements. All concur.