(71 Misc. Rep. 263.)

### FOSTER v. FOSTER et al.

#### (Oneida County Court. March, 1911.)

TENANCY IN COMMON (§§ 3, 28*)—RIGHTS AND LIABILITIES INTER SE.

Where the widow of a former owner of real estate in which she is entitled to dower occupied it with her infant child, and the infant had no general guardian, it would be assumed that the widow was guardian in socage of the infant, and occupied the premises as tenant in common with the other heirs at law, and she is not accountable to them for the rental value of the premises, in the absence of an agreement to pay rent or proof of receipt of rents by her from others or exclusion of her cotenants.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 5-17, 76–88; Dec. Dig. §§ 3, 28.*]

Action by Eda A. Foster against Cora A. Foster and others. Judgment for sale of property.

Leon L. Arthur, for plaintiff.
Grant & Wager, for defendant Cora A. Foster.
John H. Grant, guardian ad litem, for defendant Samuel D. Foster.

HAZARD, J. This action is brought for the partition of certain real estate in the town of Whitestown in this county.

The complaint is in the usual form, except as to the eleventh paragraph, which alleges that Cora A. Foster, the widow of Charles S. Foster, from whom the parties inherited the lands in question, "has occupied and been in full possession of said premises since the death of her said husband, and thereby has received the rents and profits arising and accruing from said property, and has rendered no account

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the parties to this action for rentals or rental value of said property since the expiration of her right of quarantine on or about September 5, 1909." In the prayer for judgment, plaintiff demands that said Cora A. Foster account to the parties to this action for the rents or profits or the reasonable rental of said property since the expiration of her right of quarantine. The defendant Cora A. Foster denies all of the allegations in the said eleventh paragraph of the complaint, and the infant defendant puts in the usual general answer by his guardian ad litem.

Upon the trial it was established that Charles S. Foster, the husband of Cora A. Foster and the father of the other defendants, died July 29, 1909, intestate. He left three children surviving, Pearl F. Bigelow, Samuel D. Foster, and Raymond A. Foster. The latter is the husband of the plaintiff, and has deeded his undivided interest to the plaintiff. It is established that the three above named were the only heirs at law. It also appears from the evidence that actual partition of the premises cannot be had, and it therefore follows that the premises should be sold. From the evidence, I conclude, after due consideration, that the interest of all the parties requires that the right of dower of the widow, defendant Cora A. Foster, should also be sold.

The only matter litigated here is with reference to the above-quoted allegation contained in the eleventh paragraph of the complaint; and the evidence established that the widow, Cora A. Foster, and her infant son, the defendant Samuel D. Foster, who is now about three years of age have lived in the house upon the premises described in the complaint since the death of Charles S. Foster, and that they have paid no rent. There was some evidence of other persons occupying the premises, more or less, with them, but as to whether they paid any consideration therefor did not appear; in fact, I think that all, or substantially all, of the allegations of the eleventh paragraph of the complaint, have been substantiated. However, it was not shown that this occupancy was under any agreement with the other parties interested. The question of law is presented as to whether in this action the widow can be compelled to account for the rental value of the premises after the expiration of her quarantine. It is not shown that any general guardian of the infant Samuel D. Foster has been appointed, and I think we may therefore assume that none has, and that, therefore, the widow is the guardian in socage of said infant.

It seems to be clearly established by very numerous cases that one tenant in common, in possession of the entire estate, is not liable to his cotenants for the use of the common property, or to account to them for rents and profits. Cosgriff v. Dewey, 164 N. Y. 3, 58 N. E. 1, 79 Am. St. Rep. 620. This rule seems to depend upon the absence of an agreement between the parties, and, in the absence of that agreement, the cotenant in charge is held liable to account only for what he actually receives. Adams v. Bristol, 126 App. Div. 662, 111 N. Y. Supp. 231. However, in this case, there was no evidence that the widow had received anything from the parties who, it appears, had occupied the premises in connection with her; and it therefore does not appear that she can be charged, in the absence of such evidence. The rule providing that cotenants cannot recover from de-

fendant in possession seems to be based upon the qualification that the other tenants shall not be excluded or ousted from the possession of the premises or their title denied. Zapp v. Miller, 109 N. Y. 57, 15 N. E. 889.

In a case where the other tenants are ousted or their title denied, it is held in the case last cited that ejectment may be brought. It does not appear in this case that the cotenants were ousted or that their title was denied. In fact, there is nothing in the evidence showing the arrangement under which the widow and the infant son occupied these premises, and it seems to be a warranted inference from the evidence that there was no arrangement, neither can we infer from the evidence that there was any ouster or denial of title. Under circumstances like these, I think that under the cases cited the cotenants cannot recover. See, also, Le Barron v. Babcock, 122 N. Y. 153, 25 N. E. 253, 9 L. R. A. 625, 19 Am. St. Rep. 488.

The point is made by the plaintiff that the widow should be regarded as individually in possession, notwithstanding that her infant son was a member of her household; and it is claimed that, as her right of dower to occupy the premises expired at the end of 40 days after her husband's death, she should therefore be held accountable for the rental value of the premises after the expiration of her period of quarantine. This claim seems not unreasonable, as, under the circumstances in the case, the widow would appear to be the head of the family, as it now exists, and primarily liable for the support of her infant son, the defendant Samuel D. Foster, and to furnish him a habitation. However, the law does not seem to permit of the allowance of the claim made by the plaintiff. By section 80 of the domestic relations law (Consol. Laws 1909, c. 14) the widow is undoubtedly to be regarded as the guardian in socage of her minor children; and it is held in Knolls v. Barnhart, 71 N. Y. 479, that "the possession of the widow as dowress and as guardian in socage of the minor children was as tenant in common with all the heirs." This case seems to be controlling as to the status of the widow in the case at bar. See, also, Gallagher v. David Stevenson Brewing Co., 13 Misc. Rep. 41, 34 N. Y. Supp. 94; Matter of Hynes, 105 N. Y. 563, 12 N. E. 60; Emerson v. Spicer, 46 N. Y. 594.

It does not appear very clearly just what claim the widow made with reference to her occupancy; in fact, no evidence was offered on the subject beyond that showing that she and her infant son lived there. Upon the argument, it was claimed that she was in possession as a guardian in socage of her infant son, who was one of the tenants in common of the property. She apparently was not holding adversely as in the case of Siglar v. Van Riper, 10 Wend. 414. Upon the authority of Wilcox v. Wilcox, 48 Barb. 327, this plaintiff cannot recover against the widow in the absence of proof of some agreement to pay rent, and no proof was given of any such agreement.

The parties having produced a search, as required by section 1561 of the Code, the reference to inquire as to creditors may therefore be dispensed with.

Proposed findings and interlocutory judgment may be submitted.

Judgment accordingly.