(103 So. 563)

**JOHNSON et al. v. ROBERTS.** (6 Div. 355.)

(Supreme Court of Alabama. March 26, 1925.)

1. **Pleading** ⚖══52(1)—**Complaint in suit on account and for work and labor done held intended as two counts, and not demurrable.**

Complaint in suit on account and for work and labor done at request of defendant *held* clearly intended as two counts, and not demurrable, in view of Code 1907, § 5382, form 10.

2. **Physicians and surgeons** ⚖══13 — **Physician has no implied authority to employ assistant.**

Generally, physician employed to take care of an injured employé has no implied authority to employ others to assist him at expense of employer.

3. **Physicians and surgeons** ⚖══13—**Physician, employed to care for injured employé, had no authority to employ another physician.**

Physician, employed to take care of injured employé, and "to do everything necessary," and "not to leave a stone unturned in attempting to save employé's foot," *held* an independent contractor, and to have no express or implied authority to employ another physician to assist him, nor to turn case over to such physician and let him perform operation and services at employer's expense.

4. **Physicians and surgeons** ⚖══13 — **Employer not liable for physician's services rendered injured employé without employer's request.**

Employer *held* not liable for physician's services rendered injured employé, where physician was employed by another physician without any contract, express or implied, with employer to perform such services, and employer did not request him to do so.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by Wyatt S. Roberts against W. N. Johnson and others. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under section 7326, Code of 1923. Reversed and remanded.

Lange & Simpson and W. H. Brantley, Jr., all of Birmingham, for appellants.

The complaint is defective, in that it embraces two causes of action. Sloss Co. v. Payne, 192 Ala. 69, 68 So. 359; Smythe v. Dothan F. & M. Co., 166 Ala. 254, 52 So. 398; Kelly v. Burke, 132 Ala. 235, 31 So. 512;

McCrary v. Brown, 157 Ala. 518, 50 So. 402. The defendants were due the affirmative charge. Parsons v. Yolande C. & C. Co., 206 Ala. 645, 91 So. 493; Pearl v. West End Ry., 176 Mass. 177, 57 N. E. 339, 49 L. R. A. 826, 79 Am. St. Rep. 302; 14 R. C. L. 67; Mechem on Agency (2d Ed.) 250; 21 R. C. L. 873; Bonnette v. St. L. & S. F., 87 Ark. 197, 112 S. W. 220, 16 L. R. A. (N. S.) 1061, 128 Am. St. Rep. 30; Sou. Ry. v. Grant, 136 Ga. 303, 71 S. E. 422, Ann. Cas. 1912C, 472; Bond v. Hurd, 31 Mont. 314, 78 P. 579, 3 Ann. Cas. 566; Sevier v. Birmingham Ry., 92 Ala. 258, 9 So. 405; Code 1923, § 7567.

London, Yancey & Brower, of Birmingham, for appellee.

A principal is liable for compensation to a subagent, even when he has no knowledge of the employment. Schloss Bros. & Co. v. Gibson D. G. Co., 6 Ala. App. 155, 60 So. 436; Ins. Co. v. Thornton, 130 Ala. 222, 30 So. 614, 55 L. R. A. 547, 89 Am. St. Rep. 30; Rohrbough v. U. S. Exp. Co., 50 W. Va. 148, 40 S. E. 398, 88 Am. St. Rep. 849.

MILLER, J. [1] This action was commenced by Wyatt S. Roberts against W. N. Johnson and H. M. Thompson, partners trading as Johnson & Thompson. The complaint purports to be on the common counts, containing apparently two counts—one on account and the other for work and labor done. The defendants demurred to the complaint and each count thereof. The demurrers were overruled by the court. The defendants then pleaded general issue in short and by consent. The jury returned a verdict in favor of the plaintiff, and from a judgment of the court thereon this appeal is prosecuted by the defendants. The complaint, as submitted by the court to the jury, to which demurrers of defendants were overruled, appears as follows:

"The plaintiff claims of the defendants $360, due from them by account on the 12th day of March, 1921,

"And the plaintiff further claims of the defendants $360 due for work and labor done by the plaintiff for the defendants at their request on the 12th day of March, 1921, which sums of money, with the interest thereon, are now due and unpaid."

It is true there is a comma at the end of the first paragraph instead of a period, but there is a capital A at the beginning of the second paragraph, and it contains the words "further claims," clearly indicating another count. This complaint, when read in its entirety, clearly indicates it was intended by plaintiff as two counts, one on account and the other for work and labor done by plaintiff at request of the defendants, and each follows substantially the form permitted and declared sufficient by the statute, and neither is subject to the demurrers of the defendant. The court committed no error in overruling the grounds of demurrer assigned to them. Form 10, § 5382, Code 1907.

The court refused to give the general affirmative written charge, with hypothesis, requested by the defendants in their favor. The court refused to give each of the following written charges, separately requested by the defendants:

"(2) If you believe the evidence, you cannot find for the plaintiff under the first count of the complaint."

"(6) If you believe the evidence, you cannot find for the plaintiff under the fifth count of the complaint."

One J. H. Taylor was employed as a workman by the defendants, who were at the time operating under the compensation law of Alabama. Taylor was injured in his foot or ankle while working at his employment. One of the defendants took Taylor to Dr. Rosamond for treatment. Dr. Rosamond employed or procured Dr. Tally to assist him, and afterwards Dr. Rosamond employed the plaintiff, a surgeon and physician, as well as specialist, to perform an operation on Taylor's foot and leg and to treat it. The plaintiff presented to defendants a bill for $360 for his services, which they refused to pay, and this suit is by him against them for this sum with interest. The jury returned a verdict for $434.40 in plaintiff's favor. Taylor testified that "H. M. Thompson had him removed to the hospital, and engaged Dr. Rosamond to attend him, and told Dr. Rosamond that the defendants would pay for his services and not to leave a stone unturned in attempting to save his [witness's] foot."

There was evidence tending to show the defendants sent their employés, when injured, to Dr. Rosamond to be treated; he made out his bill on the blanks of the insurance company; checks for the services were sent to the defendants by the insurance company; and they transferred and delivered them to Dr. Rosamond for each person so sent to him by them.

[2] Dr. Rosamond testified:

"They [meaning defendants] never made any deal with me, but kept on sending patients to me. Mr. Thompson brought Mr. Taylor to my office, and I examined his foot, and found a fracture, and I told him that I would have to take him to a hospital to find out what was necessary to be done; see extent of the injury, and find out what was necessary to be done. He told me to do everything necessary. * * * I tried to reduce the fracture once, and Dr. Tally tried it once, and both failed. Then is when I called in Dr. Roberts, and he performed the operation. * * * I turned the case over to Dr. Roberts."

The defendants knew nothing of plaintiff's services until they received the bill, and they never agreed to or ratified his employment. The general rule is thus stated in 21 R. C. L. 873, head note 5:

"A physician employed to take care of an injured employé has no implied authority to

employ others to assist him at the expense of his employer."

[3] Dr. Rosamond was a physician and surgeon, performed operations, and he was employed by the defendants to take care of Taylor and "to do everything necessary," and "not to leave a stone unturned in attempting to save his foot." This gave him no express or implied authority to employ the plaintiff to assist him, nor to turn the case over to plaintiff and let him perform the operation and services at the expense of the defendants. He had no express authority to employ the plaintiff, and his employment to treat him and do all that was necessary gave him no implied authority to employ the plaintiff to do so at the expense of the defendants. Dr. Rosamond, in this employment to treat Taylor, was an independent contractor without any control or suggestion by the defendants as to what he should do for Taylor, or how he should treat him. He was free to treat the case as he should choose, but he was not the agent of the defendants in so doing and he was not the agent of the defendants by this employment and contract. Parsons v. Yolande Coal & Coke Co., 206 Ala. 642, 91 So. 493; 21 R. C. L. 873, head note 5; Pearl v. West End Rwy. Co., 176 Mass. 177, 57 N. E. 339, 49 L. R. A. 826, 79 Am. St. Rep. 302; Evansville & I. R. Co. v. Spellbring, 1 Ind. App. 167, 27 N. E. 239; Burke v. Chi. & N. W. R. Co., 114 Mich. 685, 72 N. W. 997; Smith v. Chi. & N. W. R. Co., 104 Iowa, 147, 73 N. W. 581, head note 2.

[4] The plaintiff had no contract, express or implied, with defendants to perform the services for Taylor, and they did not request him to do so. He was employed by Dr. Rosamond, without authority, express or implied, from the defendants to render these services for Taylor, and the defendants are not liable for his compensation. Authorities supra.

It results that the court erred in refusing to give each of the foregoing written charges. They should have been given to the jury by the court. Under the evidence the verdict should have been directed by the court for the defendants.

For the errors mentioned, the judgment is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.