Lawrence Newmark, J.
Plaintiff in the within action, a consulting physician, seeks to recover for the reasonable value of medical services alleged to have been rendered to the defendant.
Testimony by the attending physician given at the trial of the action was to the effect that he had advised the defendant that there would be a consulting physician in attendance, but nothing was stated about whose responsibility the physician’s charges would be. Defendant has denied there was such conversation and he also denied knowledge of plaintiff’s identity. Defendant’s sole acknowledgment of services rendered consists of acknowledging that the plaintiff visited his wife on several occasions after the operation but merely said “Hello”, and inquired as to how she was.
Considering that physicians frequently develop enviably lucrative practices with a substantial portion of it derived from consultant’s fees, it is indeed remarkable to discover such a paucity of case law covering the instant controversy. The court can only surmise that parties to litigations of this kind, as a rule, will reach a settlement of their differences in preference to pursuing their cause to a definitive final determination on the merits. Doubtless, individual personal and financial considerations play an important role in the decision making process.
The decision in Shapira v. United Med. Serv. (15 N Y 2d 200) is not strictly in point. Despite a provision of the New York City Charter permitting physicians who served without com *764 pensation in hospitals to charge a fee for their services to patients carrying sickness or accident insurance which covers physician’s fees, the doctors there were denied a fee because of the terms of their employment by the hospital. The assignments of physicians to patients were done on a rotational basis .so that a relationship between physician and patient was unlikely to develop, nor did the patients have any choice in the selection of their physician. The opinion indicated, said a more recent decision (Dana v. Dana, 48 Misc 2d 717), that the Court of Appeals frowned upon the practice of physicians in public hospitals charging for services.
In Dana v. Dana (supra), a proposed order of compromise was submitted containing provisions for the payment of two doctors for services rendered to the infant while hospitalized. The physicians held assignments of the infant’s claim in a personal injury action. The court, in apparent chagrin, signed the compromise order deleting the provision for assignment. In Shapira, cited heavily throughout Dana, the court said that the patients did not object to the services rendered, because they were not free to object. “ The subscriber had no cause to protest, because they expected the hospital to provide all necessary medical services, which it did.” (Shapira v. United Med. Serv., supra, p. 215.)
More in point is the treatment of the subject in Corpus Juris Secundum. Reporting on decisions rendered in different States, the section indicated that in Alabama a physician engaged to be the assistant of the attending physician would be required to look to the attending physician for compensation unless he was retained with the express authority of the attending physician’s employer (Johnson v. Roberts, 212 Ala. 535), whereas in Iowa (Shelton v. Johnson, 40 Iowa 84) one retained as a consultant could look to the patient or the attending physician’s employer directly for compensation, notwithstanding an agreement between the parties that the physician would pay for the services. (70 C. J. S., Physicians and Surgeons, § 68, p. 1026.) The right of consultants, defined in the Iowa case, does not appear to be dependent upon an express agreement whereby the attending physician is authorized to summon another physician for consultation.
This court should be reluctant to abide by the distinction thus drawn between assistants and consultants, otherwise there would be nothing to prevent physicians from naming all forms of associate assistance “ consultation ” and thereby be empowered to impose the liability for such services upon their patients. *765 Where attorneys are involved, the rule is well settled that they possess no implied authority to engage associate counsel nor to impose upon the client a liability for the fees of such counsel (Matter of Hynes, 105 N. Y. 560; Matter of Borkstrom, 63 App. Div. 7). Should not physicians be bound by the same logic? Physicians would then be required, as attorneys are, to obtain prior acquiescence to the employment of an associate or a consultant and unless such express authority was so obtained, they would themselves be liable for the fees of the consultant.
If the defendant was advised beforehand, as was alleged, that there would be a consulting physician or the act of the attending physician in engaging the consulting physician was ratified by the defendant by words or by conduct, the defendant should be liable for the services supplied. The defendant’s observations as to the quantity of services rendered ought not to be conclusive as to the quantity or value of the services actually rendered. Yet, if the defendant is to be given full credence, how can it be said that his failure to object to an apparently banal exchange between an individual and his wife (the defendant’s) amounted to a ratification.
The plaintiff alleges a contract. He refers obliquely to the creation of an agency designating the attending physician as agent for the purposes of employing a consultant. The burden of proof of the existence of a contract rests upon the one who relies upon the contract to establish its existence (Richardson, Evidence, § 95). The burden thus imposed upon the plaintiff required that he prove his contention by a fair preponderance of the evidence. (Roberge v. Bonner, 185 N. Y. 265.) A fair preponderance of the evidence does not necessarily mean a greater number of witnesses (Nelson v. Easton & Amboy R. R. Co., 7 Misc. 656). In Schargel v. United Elec. Light & Power Co. (127 Misc. 24), the court maintained that the jury was at liberty to believe one witness’ testimony as against a number of contradictory witnesses. Richardson states in section 97 that “ If the evidence is equally balanced, or if it leaves the jury in such doubt as to be unable to decide the controversy either way, judgment must be given against the party upon whom the burden rests.”
The attending physician must be considered an interested witness since he could be liable for plaintiff’s fee if defendant is not. Hence, at most the evidence is equally balanced and, in view of the foregoing, judgment must be entered for the defendant.